**Richard E. JAMES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14528.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 29, 1958.

Decided Nov. 6, 1958.

Mr. Arnold M. Lerman, Washington, D C. (appointed by this court), for appellant.

Mr. John W. Warner, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, BAZELON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

On February 6, 1955, after a particularly atrocious robbery with violence, James immediately disappeared. At the trial he was positively identified by the victim and by two co-workers, and on December 18, 1957, a jury found him guilty as charged. He did not take the stand, although he called his sister to establish that he was in New York the evening of the crime. He seeks reversal on the ground he had not had the benefit of a speedy trial.

James was arrested in New York on August 24, 1956, on a charge of burglary. The New York trial was about to go forward and James had already been confined in a prison tuberculosis ward, as of August 30, 1956. The Government then did not press the New York authorities

---

1. 1957, 156 F.Supp. 770. Judge Holtzoff's opinion constitutes the District   Court's findings of fact and conclusion of law.

for the prisoner's immediate release for trial in this District. After conviction and sentence in New York on October 30, 1956, appellant was confined in the penitentiary hospital that he might receive treatment for infectious tuberculosis and daily injections of insulin. James refused to sign a waiver of a speedy trial or to agree to avail himself of the provisions of Rule 20, Fed.R.Crim.P., 18 U.S. C.A. The District Court issued its writ of habeas corpus ad prosequendum. Having been returned to the District of Columbia, James was arraigned on July 1, 1957, when he entered a plea of not guilty to the indictment for robbery. Counsel was appointed July 2, and the case was set for trial.

James filed no motion for speedy trial. Instead as trial was about to commence, he sought new counsel, and substitute counsel was named, and the case was continued despite the Government's opposition. On the next trial date, James again sought a continuance of one month and replacement of counsel. The Government was ready both times. It is only fair to say that we do not know what led the District Court to grant appellant's requests for new counsel.

We are satisfied that there has been no denial of substantial rights. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice."[1] This case is totally unlike Taylor v. United States[2] where the accused had not been indicted until more than three years after the date of the alleged offense and had no notice that he had been indicted. We there pointed out that upon such notice the accused could have made an affirmative request or demand for trial as the law requires. Here, to the contrary, appellant could at any time following his arraignment have moved for trial. Instead, he himself waited until the very day of trial, not once but twice and then asked not for a speedy trial but for the appointment of different counsel and for a continuance of the trial already set. In the light of the circumstances disclosed by this record he is not entitled to the relief he here seeks, and the judgment of conviction is

Affirmed.

BAZELON, Circuit Judge, concurs in the result.

---

1. Beavers v. Haubert, 1905, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950; cf. Collins v. United States, 9 Cir., 1946, 157 F.2d 409, 410; Pietch v. United States, 10 Cir., 1940, 110 F.2d 817, 129 A.L.R. 563, certiorari denied, 1940, 310 U.S. 648, 60 S.Ct. 1100, 84 L.Ed. 1414.

2. 1956, 99 U.S.App.D.C. 183, 238 F.2d 259. Cf. United States v. Lustman, 2 Cir., 1958, 258 F.2d 475, 478, certiorari denied, 1958, 358 U.S. 880, 79 S.Ct. 118.