James R. STEVENSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15226.

United States Court of Appeals District of Columbia Circuit.

Argued March 30, 1960.

Decided April 14, 1960.

Mr. Courtney Whitney, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Appellant was indicted in this jurisdiction December 3, 1957, for the crime of false pretenses as defined in 22 D.C. Code § 1301 (1951), allegedly committed by him on October 19, 1957. The essence of the charge was that he purchased an automobile and paid for it with a check

on a bank where he had no account. The defense was based on intoxication.

Appellant was tried and convicted April 6, 1959, about sixteen months subsequent to the indictment. In the interim he was detained in the Maryland House of Correction, in Maryland, from late 1957 until released March 6, 1959, to be tried here. His contention on appeal is that the delay in his trial violated his right under the Sixth Amendment to enjoy a speedy trial.[1]

Appellant wrote to the United States Attorney for the District of Columbia in January 1958 requesting a speedy trial. And after his release by the Maryland authorities in March 1959 he filed a motion to dismiss the indictment, asserting the deprivation of his right.

■ The United States Attorney for the District of Columbia had not sought a writ of habeas corpus *ad prosequendum*. In the District Court he presented as justification for failure to do so his correspondence with the United States Attorney for the District of Maryland in which he was advised that the Maryland authorities would not honor such a writ by returning appellant to the District of Columbia. The Warden of the Maryland House of Correction, however, did advise the United States Attorney for the District of Columbia that he would honor such a writ if issued by a Maryland court. Certain opinions of the Attorney General of Maryland were referred to in the correspondence between the United States Attorneys, indicating that the

Governor of Maryland was the only proper official to determine whether a state prisoner should be released to federal authorities prior to the expiration of his sentence in a state institution.[2] No application was made to the Governor. A reason advanced was the absence of any extradition procedure under which one in custody in Maryland could be turned over to authorities in this jurisdiction for trial.

■ We need not pass upon the question whether in other circumstances where the writ of habeas corpus *ad prosequendum* was not resorted to, or longer delay occurred, there might be a denial of the constitutional right; for the extent of delay in the present case, in all the circumstances, was not so great as to amount to such a denial.[3] As the Supreme Court said in Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950, "the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances."

■ While we do not think the District Court was required to dismiss the indictment, we add that legislative consideration might well be given to the need for arrangements for extradition from Maryland to the District of Columbia of persons charged with crime in this jurisdiction, or for other means of ameliorating the situation presented by such a case as this.

Affirmed.

1. The Sixth Amendment of the federal Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."

2. We do not refer to information gained by the United States Attorney for the District of Columbia in other cases where Maryland authorities had refused to honor writs of habeas corpus *ad prose-*

*quendum.* This correspondence was not before the District Court when it ruled on the motion to dismiss, and we do not think the District Court under Rule 75 (h), Fed.R.Civ.P., 28 U.S.C.A., could supplement the record on appeal by its inclusion, as was attempted to be done.

3. It will be readily seen that the case is distinguishable from Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259.