**John P. MANN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 16655, 16909.**

United States Court of Appeals District of Columbia Circuit.

Argued April 25, 1962.

Decided May 24, 1962.

Mr. Bruce G. Sundlun, Washington, D. C. (appointed by this court), for appellant.

Mr. Paul A. Renne, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Abbott A. Leban, Asst. U. S. Atty., also entered an appearance for appellee in No. 16655.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

On July 20, 1959, appellant was indicted for embezzlement, the crime having been committed five weeks earlier. After delays provoked by appellant, his case was called for trial on February 16, 1960. At that time the government obtained a week's continuance in order to locate a missing document essential to the prosecution. But government counsel assured the court (and the accused) that if the evidence could not be located within the week "we will, on our own motion, move to dismiss the case." The case was again called on February 23 and the government, representing that the "crucial" document was still missing, advised the court that it "could not oppose an appropriate motion." Appellant's court-appointed counsel thereupon moved for dismissal and the District Judge dismissed the indictment "for want of prosecution." At the same time, the judge urged the government's attorney to investigate the disappearance of the evidence and commented that, since the statute of limitations had not run, appellant could be re-indicted. The government did not appeal this dismissal.[1]

Forty days later, on April 4, 1960, the missing document having been discovered, appellant was re-indicted for the

---

1. While the dismissal is probably not appealable under 18 U.S.C. § 3731 which governs elsewhere, see United States v. Apex Distributing Company, 9 Cir., 270 F.2d 747; United States v. Heath, 9 Cir., 260 F.2d 623, "appeals by the Government in the District of Columbia are not limited to the categories [there] set forth," Carroll v. United States, 354 U.S. 394, 411, 77 S.Ct. 1332, 1 L.Ed.2d 1442, but, under D.C.Code, § 23–105, are allowed from all "final decisions" within 28 U.S.C. § 1291. Id., at 410–414, 77 S.Ct. 1332. Since the dismissal here "termi-

same offense. By then, however, he was in Florida, and removal proceedings delayed the trial. The government obtained a further delay of six weeks on account of the absence of the complaining witness. Appellant was ultimately tried and convicted on August 3, 1961. For the first time, on the appeal from that conviction, he raised the objection that the second indictment was barred by the dismissal of the first. Because the district court had not had an opportunity to rule on the point, his new counsel, appointed by this court, moved for a remand, but later acquiesced in the government's suggestion that the appeal here be stayed pending further proceedings in the district court. After this court had issued an appropriate order, appellant moved to vacate his sentence under 28 U.S.C. § 2255, and the district court held the hearing contemplated by the statute. Relief was denied and an appeal followed. That appeal and the direct appeal were consolidated here and are now before us.

Appellant's main claim is that the dismissal of the first indictment barred any further prosecution for the same offense. The argument is that the dismissal expressly awarded for "want of prosecution," standing unappealed, amounts to a final finding that appellant has been denied a "speedy trial" and, accordingly, cannot be further prosecuted consistently with his constitutional right. U.S.Const. Amend. VI. The government responds initially that the objection has been waived by failure to raise it after the second indictment, or at least before the conclusion of the trial. See Fed.R. Crim.P. Rule 12(b) (2), 18 U.S.C. The government therefore insists this court should not notice the point on the direct appeal under Fed.R.Crim.P. Rule 52(b), and says the district court could not properly entertain a collateral attack on that ground under 28 U.S.C. § 2255. Since there is some doubt about the question [2] in view of the Supreme Court's ruling in Jordan v. United States Dist. Court for Dist. of Columbia, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114,[3] vacating our judgment in that case, 98 U.S.App.D.C. 160, 233 F.2d 362, we prefer to rest decision on the merits.

We accept appellant's premise that the constitutional right to a speedy trial is properly enforced by dismissal of the charge when there has been prejudicial delay in bring the case to trial.[4] United States v. Provoo, 350 U.S. 857,

---

nates a prosecution," id., at 414, 77 S.Ct. 1332, albeit without prejudice, it meets the test of finality. Though this court has never discussed the appealability of orders dismissing for want of prosecution, the consistent assumption has been that they are appealable. See, e. g., United States v. Gunther, 104 U.S.App.D.C. 16, 259 F.2d 173; United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695.

2. The rule that one who fails to ask for a prompt trial waives his constitutional right to a speedy trial, whatever its soundness in a different context, is clearly irrelevant here. Appellant did not want a trial; he hoped there would be no further prosecution after dismissal of the original indictment. His first opportunity to assert that defense was when he was called on to answer the second indictment. The only question here is whether his failure to object at that time bars his raising the point on appeal or in the subsequent collateral proceeding. The double jeopardy cases and some of

the limitation cases suggest that it does, while other limitation cases, notably Askins v. United States, 102 U.S.App.D.C. 198, 251 F.2d 909, point the other way. But there appear to be no decisions directly in point, except perhaps Jordan, infra.

3. In Askins, supra, at n. 3, this court notes that in reversing Jordan the Supreme Court apparently held that a judgment of conviction could be collaterally attacked under § 2255 on the ground of a denial of the right to speedy trial. If that is true, then, obviously, the defense can also be noticed for the first time on appeal from the conviction.

4. While the point is not important here, we note that in our view, and contrary to some recent opinion, see, e. g., Foley v. United States, 8 Cir., 290 F.2d 562; Venus v. United States, 9 Cir., 287 F.2d 304, the constitutional guarantee protects against undue delays in presenting the formal charge as well as delays between indictment and trial. The Supreme

76 S.Ct. 101, 100 L.Ed. 761, affirming Petition of Provoo, D.Md., 17 F.R.D. 183; Taylor v. United States, 99 U.S. App.D.C. 183, 238 F.2d 259; United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695.[5] We also agree that a dismissal based on a finding that the constitutional right to a speedy trial has been denied bars all further prosecution of the accused for the same offense. While there appears to be no express articulation of the rule in the reported decisions, it is the unspoken premise of all the cases involving the Speedy Trial Clause.[6] It is, moreover, a necessary rule if the constitutional guarantee is not to be washed away in the dirty water of the first prosecution, leaving the government free to begin anew with clean hands.[7] But these principles do not decide this case.

The dismissal here was not compelled by the Speedy Trial Clause. Appellant was promptly indicted, within five weeks after the crime, and only seven months more had passed when the court dismissed the indictment.[8] At that, most of the delay was of his own making. Certainly, in these circumstances, the one week continuance obtained by the government did not work a deprivation of constitutional rights. Nor would a reasonable further delay. The trial judge acted, not under constitutional compulsion,[9] but, on the government's suggestion, out of concern for the accused who remained incarcerated, presumably because he could not meet his bond.[10] And the court clearly expressed its intent to award the dismissal without prejudice to further prosecution should the government later[11] uncover the missing evidence.

Court's affirmance of Judge Thomsen's ruling in Provoo, infra, seems to have settled the point. See also our opinion in Taylor, infra. In a non-capital case, it is true, mere delay in presenting the charge will rarely work a deprivation of the constitutional right, for permissible time in that instance is normally governed by the statute of limitations. Yet, if the delay is "purposeful or oppressive," Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393, even an indictment within the limitation period may come too late to square with the Sixth Amendment.

5. For a collection of the cases holding that the only remedy is a motion for speedy trial, followed by mandamus, see Petition of Provoo, supra, 17 F.R.D. 199, n. 20.

6. Indeed, if it were otherwise, it is hard to understand why the government would ever appeal from the dismissal of an indictment, rather than simply re-indict.

7. Often, of course, the second prosecution, if permitted, would stumble on the Due Process Clause of the Fifth Amendment, for the original dismissal is usually accompanied by a finding that, because of the lapse of time and the resulting prejudice to the defendant's case, he can no longer obtain a "fair trial." See, e. g., Petition of Provoo, supra, at 202–203; United States v. McWilliams, D.D.C., 69 F.Supp. 812, 815. But, without a rule barring re-indictment, the Speedy Trial Clause would not fulfill its promise in those cases where the government has been guilty of purposeful and oppressive delays which, however, do not absolutely preclude an eventual fair trial.

8. Compare Stevenson v. United States, 107 U.S.App.D.C. 398, 278 F.2d 278, in which this court found a delay of sixteen months between indictment and trial did not amount to a denial of the constitutional right to a speedy trial. In any event, "the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950. See James v. United States, 104 U.S.App.D.C. 263, 261 F.2d 381; Williams v. United States, 102 U.S. App.D.C. 51, 250 F.2d 19.

9. Judge Sirica, who heard the § 2255 application, expressly concluded that the dismissal of the original indictment by former Chief Judge Pine "was not a dismissal with prejudice based upon the failure of the Government to afford the defendant a speedy trial."

10. The court, instead, might have enlarged him on his own recognizance, without requiring security. But, in some situations at least, the onerous conditions attached to such a procedure may make it inappropriate.

11. Of course, the subsequent indictment must be returned within the period prescribed by the statute of limitations. Even then, undue delays may result in denial of the constitutional right to a speedy trial. Here, however, appellant

Appellant says, however, that the dismissal was granted under Fed.R.Crim.P. Rule 48(b), for "want of prosecution," and that this is equivalent to a finding that he had been denied his constitutional right to a speedy trial, which finding is res adjudicata and cannot now be reexamined. But even accepting appellant's contention that this was a Rule 48(b) dismissal,[12] the conclusion does not follow. That Rule is much broader than he imagines. Undeniably, it implements the constitutional guarantee of a speedy trial. See Pollard v. United States, supra, 352 U.S. at 361, n. 7, 77 S.Ct. 481. But it goes further. As the Committee Note indicates, Rule 48(b) "is a restatement of the inherent power of the court to dismiss a case for want of prosecution."[13] And that power is not circumscribed by the Sixth Amendment. There are many cases in which the court, moved by the plight of an accused unable to make bond, will, and should, enlarge him, even though there has been no violation of the Speedy Trial Clause. If the judge could not do so, except with prejudice to a subsequent prosecution within the limitation period, serious inequity would result.[14]

The accused cannot complain because a liberal application of the Rule earns him temporary freedom, without according him full immunity from prosecution.[15] At most, he is entitled to know whether the sword of Damocles still hangs over him. If the dismissal is granted pursuant to a finding that the Speedy Trial Clause has been violated, the court should expressly dismiss with prejudice. Otherwise, the dismissal should note that it is awarded without prejudice to prosecution on a new indictment or information. Here the required warning was given,[16] and, under the facts, it was clearly a proper ruling. The conviction, the sentence, and the ordering denying the motion to vacate sentence are accordingly

Affirmed.

does not seriously urge, nor do the facts support a finding, that the time lapse between the dismissal and the second indictment, or the trial, worked any such denial.

12. In view of the government attorney's representation when the case was first called that he would himself ask for dismissal if the missing document could not be uncovered within the week, and his later statement that he would "not oppose" such a motion, the dismissal might be construed as granted under Rule 48(a), even though technically moved for by the defense. In such case, it would normally be without prejudice to a subsequent prosecution. Dortch v. United States, 6 Cir., 203 F.2d 709, 710. But we prefer to consider the matter, as the District Judge apparently did, as falling under Rule 48(b). In any event, it probably makes no difference. For, as its attorney concedes, the government cannot avoid the Speedy Trial Clause simply by becoming the moving party.

13. Note of Advisory Committee, following 18 U.S.C.A., Rule 48.

14. Unless the government's attorney voluntarily entered such a motion, as he often does. But justice cannot be made to depend on the prosecutor's sense of fairness.

15. The inflexible rule that every dismissal for want of prosecution is necessarily with prejudice announced in District of Columbia v. Healy, D.C.Mun.App., 160 A. 2d 800, is, of course, not binding on this court. Nor is it persuasive, for it is grounded on the fallacy that the defendant gains nothing by dismissal unless all further prosecution is barred. This ignores the very real advantage of being enlarged and freed from pending charges, even temporarily.

16. As a matter of form, the notation that the dismissal is granted with or without prejudice should be part of the written order. But the defect here is not fatal, since appellant was in fact advised by the judge through his colloquy with the government's attorney.