**UNITED STATES of America,**
**Appellee,**

v.

**Joseph KAUFMAN and Domenic Mauro,**
**Appellants.**

**No. 122, Docket 27660.**

United States Court of Appeals
Second Circuit.

Argued Oct. 24, 1962.

Decided Jan. 8, 1963.

696

H. Elliot Wales, New York City, for appellants.

James B. White, Asst. U. S. Atty. for the Southern District of New York, New York City (Vincent L. Broderick, U. S. Atty. for the Southern District of New York, New York City), for appellee. Arthur I. Rosett, Asst. U. S. Atty., of counsel.

Before LUMBARD, Chief Judge, MOORE and HAYS, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

These are appeals from the convictions of defendants Joseph Kaufman and Domenic Mauro after trial before a jury for violations of 21 U.S.C.A. §§ 173, 174. The trial of a third defendant named in the indictment, Peter DiPalermo, was severed.[1]

The defendants were tried under a three-count indictment. The first count charged a substantive violation of § 173.

---

[1]. DiPalermo was severed on a motion made on March 29, 1962, by the United States Attorney which alleged that DiPalermo was represented by Albert J. Krieger who was about to go on trial in another case estimated to be a protracted proceeding. The motion was granted on April 2, 1962, by Judge Dawson. The order, subsequently signed on April 6, 1962, recited that all three defendants consented to the severance application.

and § 174 by Kaufman and DiPalermo on April 16, 1960, the second count a similar violation by Mauro and DiPalermo on April 22, 1960, and the third count was a conspiracy charge naming all three defendants. Defendant Kaufman was convicted on Count 1 and Mauro on Count 2. They do not here challenge the sufficiency of the evidence on those counts. At the completion of the government's case, the court dismissed Count 3 (the conspiracy charge) against Mauro. The jury was unable to reach a verdict on the third count against Kaufman, and the court declared a mistrial as to this count.

On the afternoon of April 16, 1960, Romero Infanzone, an informant for the Federal Bureau of Narcotics, under instruction from Agents Durham and Maduro, met, and was seen talking to, Peter DiPalermo. Later that day, defendant Kaufman was observed placing a package found to contain 186 grams of heroin in Agent Durham's empty car parked on First Avenue between Third and Fourth Street. On April 18, 1960, Agent Maduro attempted to make a payment of $2,300 for the heroin, but was unsuccessful. The sale was consummated on April 20, 1960, when Infanzone, after having been giving $2,300 by the agents, was met by Kaufman on Delancey Street between Chrystie Street and the Bowery. They conferred briefly, left the area by cab, and Infanzone returned fifteen minutes later without the $2,300 in a car driven by DiPalermo.

On April 22, 1960, the procedure of the 16th was repeated and ended in the delivery by defendant Mauro to Agent Durham's car of a package found to contain 500 grams of heroin. Again an attempted payoff on the purchase price ($6,125) failed to come to fruition on April 25th. On May 2, 1960, Agent Maduro, posing as the brother-in-law of Infanzone, met Kaufman. Maduro testified that he insisted on making payment only to DiPalermo, that Kaufman informed him that he was to take delivery, and that if Maduro did not pay him, he would have to go back and speak to DiPalermo. Maduro then parked the car, Kaufman

left, but never returned to receive the money.

Appellants urge as grounds for reversal (1) unnecessary delay after arrest in presenting the case to the grand jury and between the time of the filing of the indictment and the time appellants were brought to court to answer it, (2) that because of misjoinder a severance should have been granted and a mistrial declared and (3) that Count 3 against Kaufman should have been dismissed because of insufficient evidence.

### (1) UNNECESSARY DELAY.

On May 5, 1960, all three defendants were arrested, arraigned, bail was posted and they were released. They moved under Rule 48(b), Federal Rules of Criminal Procedure, to dismiss the complaint on March 31, 1961 on the ground of unreasonable delay in presenting the matter to the Grand Jury. Said motion was denied by Judge MacMahon on April 12, 1961. United States v. DiPalermo, D.C., 27 F.R.D. 393 (1961). A renewed motion on the same grounds returnable on May 17, 1961 was withdrawn when the indictment was filed on May 16, 1961. No further proceedings were taken until January 12, 1962 at which time the government moved to have the defendants answer the indictment. The defendants thereafter entered pleas of not guilty on February 2, 1962. Kaufman renewed his motion to dismiss on March 15, 1962, it was denied on April 2, 1962, and both defendants were tried on June 11, 1962.

The appellants urge that they were prejudiced by the government's delay in the presentation of this case. Kaufman's claim of prejudice rests on the fact that he was arrested on March 8, 1961 as a parole violator because of the existence of the narcotics complaint against him. Appellant Mauro claims prejudice in that he asserts that Judge Rayfiel was influenced by the pending complaint in ordering him incarcerated from March to December, 1961 on a Federal alcohol violation.

As was amply pointed out by Judge MacMahon in denying the defend-

ant's motion, although a defendant has a right to a speedy trial (Sixth Amendment, as incorporated into Rule 48(b)), all that is required is that the pace of government proceedings be reasonable under all of the circumstances. See Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); Stevenson v. United States, 107 U.S.App.D.C. 398, 278 F.2d 278 (1960). The government contends that the delay between arrest and indictment was due to the disappearance of the informant, Infanzone. Fearing for his safety, Infanzone left the United States for Puerto Rico, after having informed Agent Durham of his proposed flight. Soon after his arrival in Puerto Rico he disappeared, and prosecution of these defendants was delayed while an intensive search was conducted for this potentially important government witness. Under these circumstances, we find that the delay was entirely justified and not unreasonable.

 With respect to the eight-month period between the filing of the indictment and the government's motion to have the defendants answer, it is sufficient answer that defendants made no effort during that period to accelerate proceedings against them. Whatever may be the rule elsewhere, see People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295 (1955), it is the rule of this Circuit and of other federal courts that the failure of a defendant to make a demand for a speedy trial constitutes a waiver of his rights. United States v. Lustman, 258 F.2d 475, 478 (2nd Cir.), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958) and cases cited therein. No effort of this kind was made by defendants in the period here in question.

## (2) SEVERANCE.

 Appellants do not object to their joinder under Rule 8(b), Federal Rules of Criminal Procedure. However, they assert that once the court below found that there was insufficient evidence on the conspiracy count against Mauro, any connection between Mauro and the other defendants vanished. They argue that at that point, a mistrial and severance should have been declared as provided for in Rule 14, Federal Rules of Criminal Procedure, because they would each be prejudiced by the admission of a package of narcotics against the other, and because each might take different positions on summation.

Appellants' claim of error on this ground is untenable. The opinions of the Supreme Court in Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), and of this Court in United States v. Manfredi, 275 F.2d 588 (2nd Cir. 1960) sufficiently dispose of this argument. Those cases make clear that dismissal of a conspiracy count at the close of the government's case is not a ground for a mistrial and a severance, absent prejudice to the parties or bad faith on the government's part in bringing the conspiracy charge. United States v. Manfredi, supra, at 593. All that is required is that the trial court take great care to instruct the jury that the evidence available to convict each defendant must be considered separately. The judge below scrupulously made an effort to so instruct the jury and we cannot find that they were in any way prejudiced by their joint trials. Nor do we find any indication of bad faith on the government's part in attempting to prosecute Mauro on Count Three. The evidence showing Kaufman's attempt to obtain payment for the Mauro delivery of heroin was sufficient indication to the government at least of Mauro's participation in a conspiracy.

## (3) KAUFMAN'S CONSPIRACY COUNT.

 The jury was unable to agree on the guilt or innocence of defendant Kaufman on the conspiracy count, and a mistrial was declared. Kaufman here seeks to have us rule that the evidence was insufficient to go to the jury on that count. However, his contention that the conspiracy count should have been dismissed is premature. The declaration of a mistrial is not a final judgment and is

not appealable at this time. United States v. Ford, 237 F.2d 57 (2 Cir. 1956), vacated as moot, 355 U.S. 38, 78 S.Ct. 114, 2 L.Ed.2d 71 (1957); Northern v. United States, 300 F.2d 131 (6th Cir. 1962); Mack v. United States, 107 U.S. App.D.C. 73, 274 F.2d 582, cert. denied, 361 U.S. 916, 80 S.Ct. 262, 4 L.Ed.2d 186 (1959), reh. denied, 361 U.S. 941, 80 S.Ct. 368, 4 L.Ed.2d 361 (1960); Gilmore v. United States, 264 F.2d 44 (5th Cir.), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, reh. denied, 360 U.S. 914, 79 S.Ct. 1298, 3 L.Ed.2d 1264 (1959); United States v. Swidler, 207 F.2d 47 (3rd Cir. en banc), cert. denied, 346 U.S. 915, 74 S.Ct. 274, 98 L.Ed. 411 (1953), cf. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937).

The appeals of defendants Mauro and Kaufman are affirmed with the exception of Kaufman's appeal on the conspiracy count which is dismissed.