**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lewis Peter ETTELT, Defendant-**
**Appellant.**
**No. 14501.**

United States Court of Appeals
Seventh Circuit.
June 30, 1964.

814

Granger Cook, Jr., Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE, and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lewis Peter Ettelt, defendant, has appealed from a judgment of the district court, convicting him of robbery of the Ashland Savings and Loan Association, in violation of 18 U.S.C.A. § 2113. He was sentenced to five years imprisonment, to run concurrently with a sentence imposed by the criminal court of Cook county, Illinois.

Defendant asks reversal of the judgment on the ground that he was denied his right to a speedy trial as required by the sixth amendment to the constitution of the United States. The indictment was returned on November 29, 1962, at which time a warrant was issued for defendant's arrest. According to his testimony in the proceedings now under appeal, a federal agent told him, in December 1962, at the Illinois diagnostic depot at Joliet, that he had come with authority to give defendant lenient consideration, if he would sign a confession in connection with the savings and loan robbery.

The record reveals no attempt by defendant to seek an early trial by a letter to the trial court or otherwise, until he was brought before the court on April 30, 1963, in response to the government's petition for a writ of habeas corpus *ad prosequendum*. On the latter date defendant did request an early trial and asked that counsel be appointed to represent him. On May 13, 1963, the cause was set for May 17, 1963 to fix date for trial and was then again continued to May 20, when counsel for defendant was appointed and the case set for trial on May 27, 1963. However, delays resulted because of defense motions on May 27, September 10 and November 18, 1963.

No motion was at any time made by or for defendant because of the delay complained of on this appeal.

In this court, defendant's counsel, (here appointed) contends that the district court's delay between the grand jury indictment and the appointment of defendant's counsel by the district court resulted in a delay of approximately six months and therefore denied his right to a speedy trial under the sixth amendment to the constitution.

The record reveals that in the case at bar, the government procured a

writ of habeas corpus *ad prosequendum* within five months after the indictment was returned and counsel for defendant was appointed within three weeks thereafter. It is true that thereafter seven months time elapsed before trial, but this was occasioned by continuances sought by the defense. No delay created any prejudice to defendant. United States v. Kaye, 2 Cir., 251 F.2d 87, 90–91, cert. denied 356 U.S. 919, 78 S.Ct. 702, 2 L.Ed.2d 714 (1958); and Stevenson v. United States, 107 U.S.App.D.C. 398, 278 F.2d 278, 279 (1960).

The record does not show that defendant was prejudiced by the delay in the case at bar. The pendency of the case did not interfere with any of his activities. They were very limited as he had no place to go, being incarcerated in an Illinois penitentiary.

Significantly it is not contended that the delay in any way made it difficult for defendant to produce witnesses in his behalf. Government counsel assert, in their brief, that defendant did produce a purported alibi witness. This assertion has not been questioned.

█ A prejudice asserted by defendant caused by the delay is the fact that the Illinois state sentence will terminate before the concurrent federal sentence, thus requiring him to spend some six months in a federal penitentiary. The emphasis on this inconvenience or injustice ignores the fact that the trial judge could have sentenced him up to twenty years for the offense for which he was convicted. Instead, he received only five years with an obvious effort by the district court to require him to serve a short time under federal jurisdiction, probably so as to receive the benefit of the rehabilitation efforts of federal authorities. What the district court deliberately intended as an effort to benefit defendant, he would characterize as a prejudice. We do not accept that view, however.

█ In view of the fact that the delay in the trial court was caused principally by defendant and his counsel, and that prior thereto he made no demand for an earlier trial, he is now foreclosed by waiver from securing relief in this court. Harlow v. United States, 5 Cir., 301 F.2d 361, 367, cert. denied 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962), rehearing denied 371 U.S. 906, 83 S.Ct. 204, 9 L.Ed.2d 167.

Earlier we made a similar ruling in Worthington v. United States, 7 Cir., 1 F.2d 154, cert. denied 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475 (1924); and United States ex rel. Hanson v. Ragen, 7 Cir., 166 F.2d 608, 610, cert. denied 334 U.S. 849, 68 S.Ct. 1501, 92 L.Ed. 1772 (1948).

For these reasons, the judgment of the district court is affirmed.

In this court, attorney Granger Cook, Jr., of the State of Illinois bar, acted as counsel for defendant by our appointment. For his diligent service in that behalf, we express our appreciation to Mr. Cook.

Judgment affirmed.