**William C. RINDGO, Jr., Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 18498.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 9, 1964.

Decided Sept. 24, 1964.

Petition for Rehearing En Banc Denied Jan. 4, 1965.

Certiorari Denied March 8, 1965. See 85 S.Ct. 951.

Mr. Thomas C. Matthews, Jr., Washington, D. C., with whom Mr. Charles O. Verrill, Jr., Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S.

Atty., and Messrs. Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and FAHY and BASTIAN, Circuit Judges.

PRETTYMAN, Senior Circuit Judge.

Appellant was indicted and, after waiving trial by jury, was found guilty by the court of assault with a deadly weapon, carnal knowledge, and carrying a dangerous weapon. After sentence the District Court granted leave to appeal in forma pauperis. At the trial it was established that appellant had carnal knowledge of a 15-year-old girl, threatening her with a policeman's night stick and a knife. Upon this appeal his principal point is that he was denied his constitutional right to a speedy trial. We find no merit in the contention, and the judgment is affirmed.

Appellant was arrested on February 27, 1963. On March 13th he had a preliminary hearing and was bound over to the grand jury. On April 8th he was indicted, and on May 3rd he was arraigned and pleaded not guilty. The trial was set for June 24th. On June 21st he moved for a mental examination, the motion was granted, and he was committed to St. Elizabeths Hospital for the usual 90-day period. Trial was set for October 28th, the additional month being allowed by the court in order to permit both the Government and the defendant time to prepare in light of the outcome of the mental examination. On October 24th the Government moved for a continuance on the ground that the prosecutor assigned to this case was in another trial before another judge, and upon the further ground that one Government witness was in New Mexico and the prosecutor did not wish to call him to Washington until a date certain was set for the trial. The trial date was set for November 25th. All court proceedings were suspended on that date on account of the assassination of the President. Trial was set for December 9th. On the morning of that day the case was called, and the prosecutor

announced, "The Government is ready, Your Honor." At this point counsel for the defendant called up a motion which he had filed requesting a psychiatric examination by an independent psychiatrist of his or the court's selection. He pressed the motion. He then went on to say that the defendant had in mind some witnesses whom he wanted to subpoena but that he (the defendant) refused to execute the forms necessary in order to subpoena witnesses for an indigent. Counsel stated that the defendant gave him the name of one witness but that an investigator of the Legal Aid Agency had been unable to locate that person. A long colloquy among the court, the defendant, and counsel for the defense ensued, as the result of which the court secured from the defendant an agreement to sign the necessary forms and the defendant gave counsel the names of six witnesses whom he said he would like to subpoena. The court signed an order for an independent psychiatric examination and recessed until afternoon. Upon the reconvening of court the prosecuting attorney announced that he had what he thought to be the beginning of the grippe and thought he would not be able to complete the case. The court inquired of defense counsel as to whether he would object to the continuance and whether he would raise the question of delay on account of the illness of the prosecutor. Defense counsel said, "No, we understand the situation." The court commented that he thought the delay would be to the advantage of the defendant, and to this defense counsel said, "Yes, sir." The court directed that a new trial date be set by the assignment clerk. Trial was had on January 28, 1964.

It thus appears that this case would have been tried on June 24th except for the motion of the defendant for a mental examination, and that it would have been tried on December 9th except for the defendant's motion for a further independent psychiatric examination. It further appears that had the case gone to trial on either of these two dates the defendant would have been without the

witnesses he wanted to present, this lack being due to his own refusal to execute the requisite forms. We find no merit in his contention that his right to a speedy trial, as defined and explained by many cases,[1] was violated.

Affirmed.

FAHY, Circuit Judge, concurs in the result.

---

1. *E.g.*, Smith v. United States, 118 U.S. App.D.C. 38, 331 F.2d 784 (D.C.Cir. 1964); James v. United States, 104 U.S. App.D.C. 263, 261 F.2d 381 (D.C.Cir. 1958), cert. denied, 359 U.S. 930, 79 S.Ct. 613, 3 L.Ed.2d 631 (1959); King v. United States, 105 U.S.App.D.C. 193, 265 F.2d 567 (D.C.Cir.), cert. denied, 359 U.S. 998, 79 S.Ct. 124, 3 L.Ed.2d 986 (1959).