**James Rudolph ACREE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 193–68.

United States Court of Appeals Tenth Circuit.

Dec. 1, 1969.

---

Alan B. Johnson, Cheyenne, Wyo., for appellant.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH, and HOLLO-WAY, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted, tried by a jury, and convicted of a violation of the Dyer Act (18 U.S.C. § 2312). He has taken this appeal asserting that his constitutional rights were violated in that he was denied a speedy trial and was not timely afforded the assistance of counsel.

The record shows that appellant was arrested and sentenced to jail for violation of a State statute. While he was serving the sentence the federal authorities investigated his possible Dyer Act violation, decided to file charges, and did so, but did not inform him of the charges until he was arrested by federal authorities upon completion of the State sentence.

Appellant was arrested on the State charge on November 16, 1967. He was interviewed on November 20th by an FBI agent about the car he was driving when arrested. Several days later a complaint charging a Dyer Act violation was sworn to by a federal agent and an arrest warrant for appellant was then issued. These charges were unknown to appellant and the warrant was not served. On January 17, 1968, a federal grand jury indicted appellant for the Dyer Act violation on which he was ultimately tried. An arrest warrant was issued the following day. Appellant did not know of this indictment nor of the warrant until he was arrested at about the end of his State custody on April 1, 1968. Following his arrest he was taken before a commissioner, and on April 5th an attorney was appointed to represent him and he was then arraigned, entering a not guilty plea. His trial was set for the next term which, in the regular course of events, was the earliest time a jury was available. Three days before the trial date appellant asked for a continuance which was refused, and he was tried on September 18th.

The principal factual issue at trial was the extent of the permission given to the appellant to drive the car. The apparent owner of the car had given appellant permission to drive the car while appellant resided with him in Reno, Nevada. This person testified that the permission to use the car was limited to appellant's trips to and from work. Appellant testified he had unlimited permission to use the car for a month.

Appellant's argument of his first point which is referred to as a denial of due process " * * * in the initial proceedings of his case prior to arrest," is a combination of lack of representation and denial of a speedy trial. The appellant argues that the investigation of the Dyer Act charges was conducted while he was in jail on the State charge, and formal action was soon taken to charge him but he was not aware of the charge until about four months later when arrested while still in State custody. He urges that he was thereby denied a speedy trial and the assistance of counsel in the preparation of a defense.

Appellant was provided counsel upon his arraignment on the federal charge which was shortly after his arrest, and had adequate opportunity to consult with him thereafter. There is no basis for the contention that appellant was entitled to counsel after charges were filed and prior to his arrest. The pre-arrest delay generally is hereinafter considered. The trial took place at the next time a jury was available as the prior term had just concluded. The time of trial was within our decision in Wood v. United States, 10 Cir., 317 F.2d 736, wherein it was stated that " * * * the accused should be tried as soon as the orderly conduct of the business of the court permits."

The appellant also asserts that he was denied a speedy trial under the Sixth Amendment in that there was an undue delay in filing the formal charges and advising him of the charges. This point is based upon several cases, quite different from the one before us, where this constitutional argument has been upheld by the courts under exceptional circumstances.

For example, the court in Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259, considered the delay between the date of the offense and the date of the charge. The delay there was from January 19, 1950, until February 1956. It appears that the defendant was in confinement in another jurisdiction all or a large part of this interval. The court there upheld the defendant's contention that he had been denied a speedy trial but made it clear there were other factors considered in addition to the lapse of time. The same circuit in Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, considered what was apparently an intentional delay together with other factors and reached the same result. The same court had also considered the question again in Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394, with the same result, and reliance was there placed on United States v. Provoo, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761. However, the same court in

Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808, took a somewhat different position, there holding that the delay of some seven and one-half months between the date of the offense and the commencement of prosecution was not "covered" by the Sixth Amendment nor by Rule 48(b) of the Rules of Criminal Procedure. The court there said that the matter related instead to the applicable statute of limitations. The court was careful to point out in Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, that the pre-arrest time alone reference in the prior case of Mann v. United States, 113 U.S.App.D. C. 27, 304 F.2d 394, was dictum, and also that this interval was but a "factor" in the "aggravation of the delay between charge and trial." See also Pitts v. State of North Carolina, 395 F.2d 182 (4th Cir.). The matter has received the attention of the writers for the legal periodicals. See "Pre-Arrest Delay," 43 N.Y.U.L.Rev. 722; note 5 Stan.L.Rev. 95, and 20 Stan.L.Rev. 476.

The cases which have discussed the matter have held that a delay between the date of the offense and advice of the charges can violate Sixth Amendment rights of the accused if there are other significant factors present. These "factors" have been considered on an ad hoc basis.

Several circuits have held that the right does not arise until prosecution has commenced, or the time then commences to run. Parker v. United States, 252 F.2d 680, 681 (6th Cir.); Terlikowski v. United States, 379 F.2d 501 (8th Cir.); Benson v. United States, 402 F.2d 576 (9th Cir.). Another circuit has held that it will not categorically say that the limitations statutes are the only "control." Schlinsky v. United States, 379 F.2d 735 (1st Cir.).

Reference is often made in this connection to United States v. Provoo, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761, which is a memorandum affirmance of Petition of Provoo, 17 F.R.D. 183 (U.S.D.C.Md.). In our opinion this affirmance does not establish that pre-ar-

**430**

rest delay absent extreme circumstances of another nature constitutes a violation of Sixth Amendment rights. Cases decided after Provoo (1955) by other courts indicate a like conclusion. See Benson v. United States, 402 F.2d 576 (9th Cir.); Harlow v. United States, 301 F.2d 361 (5th Cir.); Hoopengarner v. United States, 270 F.2d 465 (6th Cir.); Parker v. United States, 252 F.2d 680 (6th Cir.), and Donnell v. United States, 229 F.2d 560 (5th Cir.).

As in Schlinsky v. United States, 379 F.2d 735 (1st Cir.), we are also not prepared to hold that the periods of limitation provided by statute are the sole guides to the constitutionally permissible length of time which may elapse between the completion of the Government's investigation and the arrest of the defendant. But bearing in mind the statement of the Court in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, that there is no constitutional right to be arrested and bearing in mind the adjectives relating to the delay in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393, that before the issue can be said to have been raised, the facts must indeed demonstrate a delay with a sinister purpose, one which is oppressive and of an unreasonable duration, it is sufficient to say that there is nothing in the record before us to support the contentions of the appellant that he comes within these limits. The record does not place the appellant within the standards described in any of the cited cases. We thus find there was no violation of appellant's Sixth Amendment rights relating to a speedy trial.

The appellant urges as an additional ground for reversal that the evidence was not sufficient to support the verdict of guilty. The standard to be applied has been stated by this court many times. We recently said in McGee v. United States, 402 F.2d 434:

"In passing upon the sufficiency of the evidence to support a conviction, the evidence, together with all reasonable inferences that can be drawn therefrom, will be viewed in the light most favorable to the prosecution. When it is demonstrated that, viewing the evidence in this context, there was sufficient evidence on each element of the offense from which the jury could find the accused guilty beyond a reasonable doubt, the conviction will be sustained."

See also United States v. Bourassa, 411 F.2d 69 (10th Cir.); Mason v. United States, 408 F.2d 903 (10th Cir.). We have so examined the record on this appeal, and find the evidence was sufficient.

Affirmed.