STATE OF CONNECTICUT *v.* ROBERT E. WICHMAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 3-32937

Argued June 8—decided July 24, 1970

*Martin A. Rader,* of Danbury, for the appellant (defendant).

*John F. Spain,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. On September 23, 1969, the defendant was tried before a jury on a charge of operating a motor vehicle while under the influence of intoxicating liquor, in violation of § 14-227a of the General Statutes. From the verdict and judgment of guilty, the defendant appealed.

The only assignment of error which we need to consider on this appeal is whether the court erred in the denial of the defendant's motion to dismiss the information on the constitutional ground that he was denied the right to a speedy trial.

In view of the claim of lack of speedy trial, we outline the chronological development of the case as it appears in the record. On January 12, 1969, the defendant was given uniform traffic summons No. 1-991081 (Practice Book § 852), charging him with the crime of operating a motor vehicle while under the influence of intoxicating liquor in the town of Newtown. On February 4, 1969, the defendant entered a plea of not guilty and elected trial by jury. On August 5, 1969, the defendant filed a motion to dismiss on two grounds: (1) he had been denied the right to a speedy trial; (2) "he has been deprived of property without due process of law because his motor vehicle license was suspended without a hearing." On August 21, 1969, the court *(Macdonald, J.)* granted the motion "solely on the ground that lack of speedy trial exists." On August 25, 1969, the state moved to reargue the order of dismissal, and, on August 29, 1969, the motion to reargue was granted by stipulation of the parties. On September 15, 1969, after reargument, the court set aside and vacated its order and denied the motion to dismiss. In its memorandum of decision, the court noted that "no evidence was adduced" at the hearing on the motion to dismiss. On September 23, 1969, the defendant, after a jury trial, was found guilty, and he has appealed from the judgment rendered on the verdict.

The defendant's basic claim is that the court, having granted the motion to dismiss on August 21, 1969, "erred in subsequently vacating that order and entering another on August 29, 1969, denying the motion."

The right to a speedy trial, rooted securely in our history, is "one of our most fundamental and treasured rights." *Hodges* v. *United States,* 408 F.2d 543, 548. The "Sixth Amendment right to a speedy trial may not be dispensed with . . . lightly." *Smith* v. *Hooey,* 393 U.S. 374, 383.

We may take as a starting point the majority opinion in *United States* v. *Ewell,* 383 U.S. 116, where the court, on the government's appeal, reversed the District Court's dismissal of the new indictment on sixth amendment grounds. It held (p. 120) : (1) "We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial." (2) The "guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." (3) However, "the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." (4) " 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' " (5) " 'Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive.' " (6) " '[T]he essential ingredient is orderly expedition and not mere speed.' "

We agree "that a dismissal based on a finding that the constitutional right to a speedy trial has been

denied bars all further prosecution of the accused for the same offense." *Mann* v. *United States,* 304 F.2d 394, 397; see 8A Moore, Federal Practice ¶ 48.05. Between the date of arrest (January 12, 1969) and the motion for dismissal (August 5, 1969), the defendant did not object to the delay—he sat back and did nothing. He was not incarcerated; he was released under a "no-cash" bond provision. "The burden is on the defendant to assert his constitutional right by some affirmative act in court, such as, objecting to adjournments of the trial, demanding a trial, or making an appropriate motion." *United States* v. *Research Foundation,* 155 F. Sup. 650, 654; see *United States* v. *Monarch Radio & Television Corporation,* 162 F. Sup. 910.

In the absence of a finding based on " 'sifted evidence and demonstrated facts,' " *United States* v. *Sawyers,* 186 F. Sup. 264, 265, the order of dismissal lacked finality. We think "the order of dismissal was neither a judgment nor was it final"; *Ex parte Altman,* 34 F. Sup. 106, 108; it did not amount to an acquittal, and it does not constitute jeopardy. See note, 50 A.L.R.2d 943, 964.

The guidelines as set forth in *United States* v. *Ewell,* supra, 120, compel us to resolve the speedy trial issue against the defendant.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.