**UNITED STATES of America, Plaintiff,**

v.

**Edgardo Alverio DIAZ, Defendant.**
**Crim. No. 62–71.**

United States District Court,
D. Puerto Rico.

May 22, 1972.

Julio Morales Sanchez, U. S. Atty., D. P. R., Old San Juan, P. R., for plaintiff.

Harvey B. Nachman, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

In May 7, 1969, the defendant herein was arrested at the Puerto Rico International Airport. Defendant was admitted to bail in the sum of $500.00 on May 9, 1969. After several motions made by defendant's counsel and a request for a preliminary hearing before the United States Commissioner, the Grand Jury charged the defendant with a violation of Sections 659 and 3237 of Title 18, United States Code, consisting of stealing two cardboard boxes containing a television set and a tape recorder, which was moving as a foreign shipment from New York to Montreal on July 16, 1969. Defendant then presented motions for discovery and inspection, suppression of evidence, and for a dismissal of the indictment. The Court finally disposed of these matters and arraigned defendant on August 7, 1970.

The case was set for trial on January 4, 1971 and was adjourned on that date at the request of the United States Attorney. The case was set for trial again on April 1, 1971, and again was adjourned at the request of the United States Attorney. The case was set for trial on April 22, 1971 and by virtue of a timely motion for continuance filed by defendant's counsel on April 6, 1971, was continued until May 17, 1971, on which date the minutes reflect that the case was again continued to a further date because "there was a misunderstanding between the attorneys for the parties regarding the setting of the case and two essential witnesses were not brought from Canada." The Court set May 21, 1971 as a date for oral hearings on certain motions presented by the defendant.

On that date the United States Attorney did not appear at the specified time and on June 9, 1971, the Honorable Hiram R. Cancio dismissed the indictment for want of prosecution. The Order to that effect states that:

"The Court further finds that jeopardy has not attached, and since de-

fendant's constitutional rights have not been violated, it is further ordered that the dismissal of the indictment decreed herein be and hereby is without prejudice."

On the following day, the defendant was again indicted on the same charge. Even though it appeared from the record that the defendant was a resident of New York City, he was not served with a copy of this indictment until the date of his arrest in the City of New York on February 28, 1972, that is, close to nine (9) months after the second indictment.

We are now presented with a Motion to Dismiss the Indictment alleging that the prior dismissal bars all subsequent prosecution of the accused for the same offense, and that the delay between the second indictment and arrest of close to nine (9) months, was an unnecessary and oppressive delay and, that therefore, the defendant's Sixth Amendment right to a speedy trial has been violated.

■ We disagree with defendant's counsel insofar as it is alleged that the prior dismissal bars further prosecution. The Order containing the dismissal explicitly states that said dismissal is without prejudice. We take this to mean that at that moment the defendant's constitutional rights had not been violated. The Court so states when it expresses that the dismissal is granted, "so that defendant's constitutional rights may not be violated."

■ The defendant bases his contention on Mann v. United States, 113 U.S. App.D.C. 27, 304 F.2d 394 (1962). The Court in *Mann* after considering that the prior dismissal was without prejudice, states:

"The dismissal here was not compelled by the Speedy Trial Clause. Appellant was promptly indicted, within five weeks after the crime, and only seven months more had passed when the Court dismissed the indictment. At that, most of the delay was of his own making. Certainly, in these circumstances, the one week continuance

obtained by the government did not work a deprivation of constitutional rights. Nor would a reasonable further delay. The trial judge acted, not under constitutional compulsion, but, on the government's suggestion, out of concern for the accused who remained incarcerated, presumably because he could not meet his bond. And the Court clearly expressed its intent to award the dismissal *without prejudice* to further prosecution should the government later uncover the missing evidence."

Substantially similar facts are now present before us. The Court's dismissal was without prejudice and did not state that the defendant's constitutional rights were violated. Under the rule of the *Mann* case, we cannot dismiss the present indictment on the grounds that the prior dismissal bars further indictments. See also: Cohen v. United States, 366 F.2d 363 (9 Cir., 1966); Hanrahan v. United States, 121 U.S. App.D.C. 134, 348 F.2d 363 (1965); United States v. Chase, 372 F.2d 453 (4 Cir., 1967).

That the first indictment was dismissed for reasons other than constitutional ones is an action clearly authorized by Rule 48(b) of Federal Rules of Criminal Procedure. As stated in *Mann* with respect to appellant's contention that a dismissal under Rule 48(b) for "want of prosecution" means that a defendant has been denied his right to speedy trial:

"That Rule is much broader than he imagines. Undeniably, it implements the constitutional guarantee of a speedy trial. . . . But it goes further. As the Committee Note indicates, Rule 48(b) 'is a restatement of the inherent power of the court to dismiss a case for want of prosecution.' And that power is not circumscribed by the Sixth Amendment."

■ The defendant has not established that his right to speedy trial has been at present violated. Mere passage of time, in itself, does not necessarily

constitute a denial of the right to speedy trial. United States v. De Leo, 422 F.2d 487, 494 (1 Cir., 1970). The rule we must apply to determine whether or not the defendant's Sixth Amendment rights have been violated was expressed recently in United States v. Daley, 454 F.2d 505, at 508 (1 Cir., 1972):

> "What constitutes a speedy trial is relative, depending on the circumstances of each case. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627. . . . Three factors are relevant to this consideration: the length of the delay, the effect thereof on the defendant before and at trial, and the nature of the government's conduct in prosecuting the case."

██ The delay must not be purposeful or oppressive, Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1956); United States v. Daley, supra. The effect of the delay on the memories of witnesses is an important factor to consider, Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). The particular effect on the defendant is also of great importance. United States v. Burke, 224 F. Supp. 41, 47 (C.A.D.C., 1963). In essence, whether or not the right to speedy trial has been denied depends on the particular facts of each case.

██ Beyond the particular delay in this case, which we deduce from the record, there is no showing that any of the factors previously discussed exist in the present case. Therefore, we are compelled to deny defendant's motion to dismiss the indictment.

It is ordered, that defendant's Motion to Dismiss Indictment be denied and that this case be set for trial at the very earliest possible date.