**Alton C. FRANKS and George W. Whitsel, Petitioners,**

v.

**The STATE OF FLORIDA, Sheriff Flanders Thompson of Fort Myers, Florida, et al., Honorable Archie Odom, Judge 12th Judicial Circuit Court for Lee County, Fort Myers, Florida, Respondents.**

United States District Court
S. D. Texas,
Houston Division.
Nov. 30, 1962.

Alton C. Franks and George W. Whitsel, petitioners, per se.

No appearance for respondents.

INGRAHAM, District Judge.

The petitioners, prisoners in the custody of the State of Texas, seek leave to file, in forma pauperis, an application for the writ of habeas corpus directed to the above named respondents. In their petition they allege the following facts:

That on July 29, 1958, petitioners were apprehended by the respondents at Fort Myers, Lee County, Florida. At that time they were informed of the charges against them. On July 31, 1958, they were delivered to Agents of the Federal Government at Tampa, Florida, and subsequently sentenced to four-year terms to be served at the Federal Penitentiary in Atlanta, Georgia. Detainers were lodged with the Federal Authorities in favor of the State of Florida on September 5, 1958. On September 25, 1958, detainers were lodged in favor of the State of Texas. Upon the petitioners' pending release date from federal prison, the Florida authorities were notified to take custody on their warrant. Instead of doing so they waived custody to the State of Texas and requested that their detainer be forwarded to Texas. Said detainers are now pending.

On the basis of these allegations they contend that the respondents have infringed their constitutional right to a fair and speedy trial and that the Florida detainers serve to deny them due process since they have no effect except to deny petitioners their chance for parole. The second contention is based on the premise that Florida has lost jurisdiction over the petitioners through its waiver of September 25, 1958.

 Although the petitioners are being held by the State of Texas, their petition only attacks actions taken by the State of Florida and its officers. While it is true that there is authority for the proposition that a governmental authority may forfeit its right to prosecute if it fails to give a speedy trial to a man held in prison by another sovereign (see Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259), it does not follow that the writ of habeas corpus can be used to compel Florida to prosecute. The writ lies only to free a prisoner from illegal detention. Shaver v. Ellis, 5 Cir., 255 F. 2d 509. In the instant case there are no allegations to show any vitiating defect in the authority of Texas to keep the petitioners in custody.

The petition is without merit. Leave to file in forma pauperis is therefore denied.

The clerk will retain the papers and advise petitioners hereof.