**James Alvin HOWARD, Petitioner,**

v.

**DISTRICT ATTORNEY et al., COUNTY OF DENVER, DENVER, COLORADO, Respondents.**

Civ. A. No. ——.

United States District Court
D. Colorado.

Sept. 23, 1965.

James Alvin Howard, pro se.

WILLIAM E. DOYLE, District Judge.

James Alvin Howard has petitioned the Court for a writ of habeas corpus in

forma pauperis. The petition is accompanied by an affidavit sufficient on its face, and so it is

Ordered that the request to proceed in forma pauperis be, and the same is hereby, granted.

The petition alleges that on October 31, 1963, petitioner commenced serving a four year prison term in the Texas Department of Corrections Institution at Huntsville, Texas. The validity of this sentence is not here questioned. On January 28, 1964, a warrant-detainer was filed with the Texas prison authorities by the Denver County Sheriff, charging petitioner with the offenses of no account check and larceny by bailee. As a result of the filing of the warrant petitioner allegedly became ineligible for any form of parole, pardon or clemency by Texas authorities in connection with the sentence imposed by the Texas courts.

Petitioner alleges that he has unsuccessfully sought to have the Colorado charges brought to trial. A petition to the District Court of Denver for a writ of habeas corpus *ad prosequendum* was denied January 20, 1965. An appeal to the Colorado Supreme Court resulted in affirmance of the lower court decision on February 11, 1965. On June 1, 1965, the United States Supreme Court denied a petition for writ of certiorari. Thus petitioner claims to have exhausted his State remedies within the meaning of Title 28 U.S.C.A. § 2254. He seeks to invoke the jurisdiction of this Court on the ground that the refusal of the Colorado authorities to request his extradition from Texas to answer the charges asserted in the warrant-detainer constitutes a denial of constitutional rights—presumably the fundamental right of due process of law.

■ There is a problem of jurisdiction which determines the case at the threshold. Where, as here, a person incarcerated in one state seeks by writ of habeas corpus *ad prosequendum* to compel authorities of another state to take action in regard to an alleged commission of crime in the foreign state, a federal district court lacking jurisdiction over either petitioner or the authorities holding him also lacks jurisdiction to entertain the plea. The conclusion follows from the very nature of the writ, which is designed to cause removal of a prisoner from one jurisdiction to a proper jurisdiction for prosecution. It is issued by the Court in which he is to be tried. Gilmore v. United States, 10 Cir., 1942, 129 F.2d 199, cert. denied, 317 U.S. 631, 63 S.Ct. 55, 87 L.Ed. 509 (1942).

■ The definitive case dealing with the character of this writ is Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). It shows that the territorial limitations of the Great Writ do not apply to the writ of habeas corpus *ad prosequendum*.

Nevertheless, a district court must have some jurisdictional connection with the petitioner or the subject matter to issue the writ. Thus, application by one in custody of foreign state authorities may be entertained by a federal district court having jurisdiction over a federal charge against petitioner. Carbo v. United States, supra. Similarly, a federal court having jurisdiction over the person of the petitioner might hear his plea for release by state authorities on the ground that the failure of foreign state authorities to prosecute or to remove a warrant placed upon him has resulted in a deprivation of federally-protected rights. See Franks v. State of Florida, S.D.Texas, 1962, 211 F.Supp. 374. In this latter situation, however, the petition should be treated as one in the nature of a general writ of habeas corpus. The federal court would have no jurisdiction to compel action by the foreign state authorities, and at the most might order petitioner's release from incarceration within its district if his case has merit.

■ In the instant case petitioner, imprisoned in Texas, seeks to compel Colorado authorities to either prosecute an alleged charge against him or remove the warrant and detainer filed with the Texas officials. This court, with jurisdiction over neither petitioner nor his

alleged offense, has no power to compel action by either the Colorado or the Texas authorities pursuant to a writ of habeas corpus *ad prosequendum* or by writ of habeas corpus *ad subjiciendum*. Petitioner's remedies, if at this time he has any, lie in the courts of Colorado or Texas, or in the federal court in the district where he is incarcerated.

We are not here faced with the question whether prosecution in Colorado constitutes a violation of substantial constitutional rights of petitioner. Colorado is not now prosecuting him and there is no assurance that he will be so prosecuted in the future.

For the foregoing reasons, it is

Ordered that the petition for writ of habeas corpus *ad prosequendum* is without merit. It should be, and is, denied.