**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert GILL, Jr., Defendant-Appellant.**

**No. 15108.**

United States Court of Appeals
Seventh Circuit.

Nov. 24, 1965.

Doris A. Coonrod, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John P. Lulinski, John P. Crowley, Jack B. Schmetterer, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a judgment of conviction and sentence of Robert Gill, Jr., for violations of federal narcotics laws, 26 U.S.C.A. § 4705(a) and 21 U.S. C.A. § 174.

The sole contention of defendant on appeal is that the trial court erred in denying his motion to dismiss the indictment based on unreasonable delay in the prosecution of the cause. Was defendant denied his constitutional right to a speedy trial in this case?

Defendant was charged in the instant case with the unlawful sale of heroin and with unlawful possession thereof on two occasions in February, 1963.

In May, 1963, defendant was arrested by authorities of the State of Illinois on a state charge of unlawful possession of narcotics. He remained in continuous custody of state authorities until his trial and conviction of the state charge in May, 1963. Following his state conviction, he was incarcerated continuously in

the Illinois State Penitentiary at Joliet, Illinois.

A commissioner's complaint was executed by a federal narcotic agent and filed July 9, 1963 with the United States Commissioner in Chicago, Illinois. A commissioner's warrant was issued thereon and lodged as a detainer with the Warden at the Joliet Penitentiary on October 18, 1963. It was never executed.

Defendant subsequently wrote letters to various federal authorities and was informed by them of the charge against him.

The indictment in this case was returned on June 16, 1964. A bench warrant was issued thereon and was lodged with the Warden at Joliet as a detainer on June 17, 1964. It was never executed. Thereafter, Government sought a writ of habeas corpus ad prosequendum and the trial court ordered it returnable on October 20, 1964. Defendant was thereupon brought into open court where counsel was appointed for him.

Defendant moved to dismiss the indictment on October 21, 1964, alleging he had been denied a speedy trial because of the unreasonable delay in his prosecution. After briefs and argument, the motion to dismiss was denied on November 13, 1964. On that day, defendant entered a plea of not guilty.

The case was set for trial on December 14, 1964. It was continued to January 4, 1965, at which time the trial was had and defendant was convicted.

Thus, it appears that between the time of the filing of the commissioner's complaint and the return of the subsequent indictment, defendant was incarcerated in a state prison under a state charge. He was brought before the court by the Government on a writ four months after the indictment was returned; counsel was appointed for him; any subsequent delay of trial was due to motions filed by his counsel; and he was tried within less than three months after arraignment.

We have examined the record and considered defendant's contentions but fail to find any showing of prejudice to de-

fendant resulting from any delay that may have occurred in this case. As we said in the recent case of United States v. Ettelt, 7 Cir., 334 F.2d 813, 815 (1964): "The record does not show that defendant was prejudiced by the delay in the case at bar. The pendency of the case did not interfere with any of his activities. They were very limited as he had no place to go, being incarcerated in an Illinois penitentiary." It follows, necessarily, that his claim of deprivation of federal constitutional rights must be denied.

Defendant was afforded effective representation in the district court by court appointed counsel, Doris A. Coonrod, a reputable member of the Chicago Bar. We appointed Miss Coonrod to represent defendant on this appeal. We commend counsel for her able presentation, both by briefs and on oral argument, and express our appreciation for this gratuitous service.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.