**STATE of Delaware, Plaintiff Below, Appellant,**

**v.**

**Iven O. FISCHER, Defendant Below, Appellee.**

**STATE of Delaware, Plaintiff Below, Appellant,**

**v.**

**Hubert R. GOLDSBERRY, Defendant Below, Appellee.**

Supreme Court of Delaware.

Dec. 1, 1971.

Victor F. Battaglia, City Sol., and Deputy Atty. Gen., and Victor J. Colombo, Asst. City Sol., and Deputy Atty Gen., Wilmington, for plaintiff below, appellant.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for defendants below, appellees.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

The State appeals from the Superior Court's dismissal of indictments charging each of the defendants with sale and disposition of lottery tickets. 10 Del.C. § 9902;[1] 11 Del.C. § 661. The offenses charged were not related, but the cases have been combined for appeal purposes because relevant proceedings below coincided.

The decision of the Superior Court, from which this appeal is taken, appears at 269 A.2d 244. Reference is made thereto for a statement of the facts.

The Superior Court dismissed the indictments under Superior Court Criminal Rule 48(b), Del.C.Ann., which provides that the Court may dismiss an indictment if "there is unnecessary delay in bringing the defendant to trial."[2] The Superior Court's power under Rule 48(b) is a discretionary one, not governed by established concepts of the Speedy Trial Clause of the Sixth Amendment. 8A Moore's Federal Practice (2d Ed.) §§ 48.03–48.05.[3] The sole question

---

1. 10 Del.C. § 9902 provides:
   "§ 9902. Appeal as of right
   "The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter."

2. Superior Court Criminal Rule 48(b), taken from Federal Rule of Criminal Procedure 48(b), provides:
   "(b) Dismissal by Court. If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged. If there is unnecessary delay in bringing the defendant to trial, the court may dismiss the information or indictment."

3. "Rule 48(b) is a codification of the inherent power of a court to dismiss a case for want of prosecution. The Rule also implements the right of an accused to a speedy trial under the Sixth Amendment. But it is not entirely coextensive with that right. While most dismissals for delay in prosecution are grounded on the constitutional provision, Rule 48(b) serves a somewhat broader purpose and

before us is whether there was an abuse of judicial discretion below. See United States v. DeLeo (1 Cir.) 422 F.2d 487, 495 (1970).

■ We hold that there was no abuse of judicial discretion in the dismissal of these indictments. The Superior Court's opinion spells out forcefully and in detail the reasons for the action it took. The offenses charged are misdemeanors which may be tried and finally disposed of in the Municipal Court of Wilmington. Prosecutions were commenced in that Court on January 19, 1970. The cases were scheduled for trial on January 21, 1970; on that date the defendants appeared with counsel, pleaded not guilty, and requested trial. The Fischer case was rescheduled for trial on January 22, 1970; the Goldsberry case for February 26, 1970. On January 22, Fischer again appeared with counsel and demanded trial; but the case was again postponed to February 26, 1970. On February 26, both defendants appeared with counsel and demanded trial; whereupon the cases were dismissed by the State without explanation. On May 5, 1970, the State commenced new prosecutions against the defendants in the Superior Court, by Grand Jury indictments, on the same charges. There had been Grand Jury meetings in March and April.

We agree that there was "unnecessary delay" in bringing these defendants to trial. In the light of these circumstances here presented, the dismissals of the indictments may not be said to be arbitrary and capricious; it follows that there was no abuse of discretion. Radio Corporation of America v. Philadelphia Storage Battery Co., Del.Supr., 23 Del.Ch. 289, 6 A.2d 329 (1939); Chavin v. Cope, Del.Supr., 243 A.2d 694 (1968).

The State contends that the Superior Court erred in dismissing the indictments because the defendants were unable to show any of the prejudicial effects upon the ability to defend ordinarily considered in

connection with the constitutional guaranty of speedy trial: death or disappearance of witnesses, loss of evidence, loss of counsel, or other denial of opportunity to prepare for trial. Compare Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). We agree with the Court below in its conclusion that other types of prejudice may be sufficient to move the exercise of its discretion under Rule 48(b): the unexplained commencement of a new prosecution long after a dismissal by the State of the same charge in another court; the anxieties suffered by a defendant as the result of delay and uncertainty in duplicative prosecutions against him; the notoriety suffered by a defendant and his family as the result of repeated commencement of prosecutions for the same offense; the expenses, legal and otherwise, attendant upon a subsequent renewal in another court of a dismissed prosecution. These and like considerations may constitute sufficient "prejudices" to justify the exercise of the Court's discretion under Rule 48(b). As was well stated by Judge Quillen:

> " * * * the delay has been over their [the defendants'] repeated request for trial and at the deliberate choice of the prosecuting authorities for no valid reason. It is not a case where there are difficulties with the discovery or availability of evidence. Moreover, it is not a case of unavailability of prosecutors, crowded dockets, inadvertence, or even prosecution negligence. It is a case of conscious prosecution choice which gives the impression, perhaps unwarranted, of unfair manipulation of the criminal process." 269 A.2d at 247.

In passing, we note that the long-standing practice of "transferring" cases from a lower court, by voluntarily dismissing in a lower court and commencing new prosecutions on the same charges in a higher court,

there are instances of dismissal involving no denial of constitutional rights." 8A

Moore's Federal Practice (2d Ed.) p. 48–10.

has been the subject of repeated judicial criticism. See opinion below, 269 A.2d at 246; State v. Dennington, Del.Super., 1 Storey 322, 145 A.2d 80 (1958). The practice is especially mischievous when, as is often the situation, the transfer occurs after the lower court has taken jurisdiction and has become involved in the case, only to find itself abruptly discharged and the matter arbitrarily removed from its jurisdiction by the unilateral action of the prosecutor. This causes an unseemly disruption of the proceedings and the business of the lower court and an undue waste of its manpower. Especially is the "transfer" suspect when, as here, it followed a ruling in the lower court unfavorable to the prosecution's wishes.[4]

▮ As was concluded in *Dennington*, it has long been the law in this State that the Attorney General has the sole power to choose the forum for a prosecution. But we take the occasion to state the view that, in the interest of a fair and orderly administration of criminal justice, that choice should be exercised once—not twice. The price of vacillation is "the impression, perhaps unwarranted, of unfair manipulation of the criminal process" and undue disruption of court business.

We see Rule 48(b) as a proper means of intervention and control by the Superior Court over the "transfer" of cases having the foregoing results. Orderly and speedy prosecutions must be promoted to the end that innocent persons may have prompt exoneration and release, and guilty persons may experience prompt conviction and punishment. Such orderly and speedy prosecutions may not be avoided or delayed out of existence by prosecutorial tactics. Compare State by Buckson v. Wahl, Del.Supr., 263 A.2d 297, 302 (1970).

The public has an increasingly insistent interest and concern in the subject of speedy trial. There is a fast-growing school of thought that prompt justice is an essential weapon against crime.[5] The action of the Superior Court in this case is a commendable step in that direction.

The State contends that the order dismissing these indictments is invalid because it is silent as to whether the dismissal is "with prejudice"; i. e., foreclosing further prosecutions upon the same charges. There is no merit in this contention for the reason that it is necessarily implied from the opinion below that the order was entered "with prejudice". Any other conclusion would mean that the State could promptly reindict on the same charges; that, therefore, the Superior Court did a useless thing in dismissing these indictments, and this Court does a useless thing in affirming. Such results do not commend themselves.

▮ We hold that an order of dismissal under Rule 48(b), for unnecessary delay in bringing the defendant to trial, may be entered "with prejudice", and shall be presumed to be so entered unless otherwise stated by the judge in the order or elsewhere on the record. As in dismissals under the Speedy Trial Clause of the Sixth Amendment, this is a necessary rule

---

4. Here, trial on February 26, 1970 had been mandated by the Municipal Court.

5. See President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, pp. 154, et seq. (1967), recommending that the period from arrest to trial of felony cases be not more than four months, stating "delay undermines the law's deterrent effect by demonstrating that justice is not swift and certain but slow and faltering." See also A.B.A. Minimum Standards For Criminal Justice, Speedy Trial, § 2.1 (1968). More recent proposals by national leaders in the field of the administration of criminal justice call for trial in ordinary criminal cases within two months after arrest, and for final disposition after appeal within four months after arrest. We endorse the view that prompt justice is an essential weapon against crime. The lapse of two and one-half months in the preliminary step of choice of the forum for trial of a misdemeanor, as here, is hardly consonant with that view.

if the protective device of Rule 48(b) "is not to be washed away in the dirty water of the first prosecution" leaving the State "free to begin anew with clean hands". Compare Mann v. United States, 113 U.S. App.D.C. 27, 304 F.2d 394, 397 (1962).

Since Rule 48(b) is a codification of the inherent power of the court to dismiss a case for want of prosecution, the case of District of Columbia v. Healy (Munc.Ct. of App., D.C.) 160 A.2d 800 (1960) is apposite. We approve the rationale there set forth:

> "If, as the government here claims, it is free to file a new information and the filing of which commences a new period of time, what benefit accrues to a defendant who succcessfully moves for such a dismissal? If the government may proceed with a second information the delay in prosecution is simply compounded. Why should the government oppose any such dismissal if it is free to file a second information? Unless it has some lasting effect on the prosecution, a dismissal for lack of prosecution would be a useless thing. Had the government appealed from the first dismissal and we had affirmed, is it to be supposed that the government could have filed a new information and proceeded with the prosecution despite the prior dismissal by the trial court and the affirmance by this court? It is unthinkable, aside from any question of the statute of limitations, that the government could have reindicted the defendants in the McWilliams case [United States v. McWilliams, 82 U.S. App.D.C. 259, 260, 163 F.2d 695, 696] and started that prosecution anew after the indictment had been dismissed and the dismissal affirmed on appeal. * *." 160 A.2d at 802.

We are aware that the paucity of authority to be found on the point is contrary to the conclusion we reach. See 8A Moore's Federal Practice (2d Ed.) pp. 48–11, 48–36. But neither of the cases constituting that authority is factually similar to the case before us. In Mann v. United States, 113 U.S.App.D.C. 27, 304 F.2d 394 (1962), the judge dismissed the indictment on the suggestion of the government out of concern for the accused who was in custody; and the judge expresseed his intent to award the dismissal without prejudice to further prosecution if the government succeeded in finding certain missing evidence. Likewise, in Cohen v. United States (9 Cir.) 366 F.2d 363 (1966), the defendant was in custody; the order dismissing the indictment referred to "any subsequently returned indictment against the defendant"; and the defendant was expressly advised by the judge, through colloquy with counsel, that the dismissal was not with prejudice. None of those circumstances is present in the instant case.

In *Mann,* the Court was especially concerned about possible truncation of Rule 48(b), and the effect upon defendants in custody if orders of dismissal thereunder were "with prejudice".[6] We point out that (1) the defendants here were free on bail from the time of arrest; (2) release upon the defendants' own recognizance is an answer to unfair detention; and (3) under the rule we here announce, an order of dismissal under Rule 48(b) may be "without prejudice" at the discretion of the judge entering the order.

\* \* \*

The judgment below is affirmed.

---

6. "There are many cases in which the court, moved by the plight of an accused unable to make bond, will, and should, enlarge him, even though there has been no violation of the Speedy Trial Clause. If the judge could not do so, except with prejudice to a subsequent prosecution within the limitation period, serious inequity would result." 304 F.2d at 398.

Especially noteworthy in this connection is the recent amendment of Rule 7

of the Superior Court Rules of Criminal Procedure, effective January 1, 1972:

"(g) Any person detained in lieu of bail shall be scheduled for trial within two months after the filing of the information or indictment. Unless it appears to the Court that there is a valid reason for failure to hold trial within such two month period, the defendant, after written motion duly filed, shall be released on an unsecured bond."