**STATE of Delaware, Plaintiff Below, Appellant,**

**v.**

**Mark F. HOFFSTEIN, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 8, 1974.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

James F. Kipp, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The State appeals under 10 Del.C. § 9902 from dismissal by the Superior Court of an indictment charging the defendant with driving under the influence of a dangerous drug. 21 Del.C. § 4176.

The Superior Court dismissed the indictment with prejudice under Superior Court Criminal Rule 48(b), Del.C.Ann.* The Rule provides that the Court may dismiss an indictment if "there is unnecessary delay in bringing the defendant to trial". The question before us is whether the Superior Court abused its discretion in dismissing the indictment.

The defendant was arrested on November 3; the case was scheduled for trial on November 14 before a Justice of the Peace having jurisdiction to hear and decide the cause. On the scheduled date, the Deputy Attorney General and the defendant, accompanied by his attorney, were present in Court and ready for trial. Upon being informed that the arresting officer would

---

\* Superior Court Criminal Rule 48 provides:
"(a) Nolle Prosequi by Attorney General. The Attorney General may file in open Court, either orally or in writing, a nolle prosequi of an indictment, information or complaint, and the prosecution thereof shall thereupon terminate, provided, however, that in any case in which a plea of guilty shall have been entered or a verdict of guilty returned, a nolle prosequi shall be filed and entered only by and with the consent of the Court.

"(b) Dismissal by Court. If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged. If there is unnecessary delay in bringing the defendant to trial, the court may dismiss the information or indictment."

not be present, the Deputy Attorney General entered a *nolle prosequi* in the case. A month later, the defendant was indicted by the Grand Jury on the same charge and trial in Superior Court was scheduled for mid-March. The Rule 48(b) motion followed.

■ We are of the opinion that dismissal of the indictment was justifiable under the circumstances; that, therefore, there was no abuse of judicial discretion.

The matter is generally controlled by the views expressed by this Court in State v. Fischer, Del.Supr., 285 A.2d 417, 419–420 (1971):

"  *   *   *   [W]e note that the long-standing practice of 'transferring' cases from a lower court, by voluntarily dismissing in a lower court and commencing new prosecutions on the same charges in a higher court, has been the subject of repeated judicial criticism. *   *   * The practice is especially mischievous when, as is often the situation, the transfer occurs after the lower court has taken jurisdiction and has become involved in the case, only to find itself abruptly discharged and the matter arbitrarily removed from its jurisdiction by the unilateral action of the prosecutor. This causes an unseemly disruption of the proceedings and the business of the lower court and an undue waste of its manpower. *   *   *.

"  *   *   *   [I]t has long been the law in this State that the Attorney General has the sole power to choose the forum for a prosecution. But we take the occasion to state the view that, in the interest of a fair and orderly administration of criminal justice, that choice should be exercised once—not twice. The price of vacillation is 'the impression, perhaps unwarranted, of unfair manipulation of the criminal process' and undue disruption of court business.

"We see Rule 48(b) as a proper means of intervention and control by the Superior Court over the 'transfer' of cases having the foregoing results. Orderly and speedy prosecutions must be promoted to the end that innocent persons may have prompt exoneration and release, and guilty persons may experience prompt conviction and punishment. Such orderly and speedy prosecutions may not be avoided or delayed out of existence by prosecutorial tactics. *   *   *.

"The public has an increasingly insistent interest and concern in the subject of speedy trial. There is a fast-growing school of thought that prompt justice is an essential weapon against crime. The action of the Superior Court in this case is a commendable step in that direction."

We find no abuse of discretion in the conclusion of the Superior Court that, by requiring the defendant to appear for trial before the Justice of the Peace and having a deputy present and ready for trial, the Attorney General must be deemed to have exercised his choice of forum.

■ In passing, we note that the defendant here had no indication of the State's intention to continue the prosecution after its dismissal of the action before the Justice of the Peace. The defendant and his family had reason to believe the matter was ended. When a case in a lower Court is nollè prossed by the Attorney General, with intent to seek an indictment and prosecution in the Superior Court later, we believe fairness requires that the defendant be notified by the Attorney General that the prosecution still lives. This would be no burden upon the State and much of the opprobrium to the defendant that follows the unexplained commencement of a new prosecution, often long after the dismissal of an earlier charge, might be eliminated.

The judgment below is affirmed.