**STATE of Delaware**

**v.**

**Floyd B. MORRIS.**

Superior Court of Delaware, New Castle.

June 18, 1975.

George H. Seitz, III, State Prosecutor, Dept. of Justice, Wilmington, for the State of Delaware.

Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for defendant.

TAYLOR, Judge.

On December 5, 1974, defendant entered a plea of guilty to a charge of kidnapping. Five days later, defendant requested his attorney to take action to withdraw the plea of guilty. Inasmuch as this request created a conflict of position between defendant and his then-attorney, the attorney was permitted to withdraw as his attorney and the Court appointed defendant's present attorney to represent him. Promptly thereafter, the motion to withdraw the plea of guilty was filed. Inasmuch as it appeared that the motion to withdraw the plea of guilty did not involve the manner in which the plea was entered or in any way challenge the actions of the Court in connection with the plea, it was agreed among counsel that the proceedings relating to the motion would be heard by the same Judge before whom the plea was entered. Hearings were held to establish facts relating to defendant's motion, and briefs have been submitted on the motion.

· Defendant's position is (a) that the indictment should be dismissed because of the failure to provide defendant with a speedy trial, (b) that the indictment should be dismissed because of unnecessary delay in bringing defendant to trial, and (c) that because of the delays between arrest and guilty plea during which defendant was incarcerated and the pressure of the imminence of trial after lengthy incarceration, he should be permitted to withdraw the guilty plea.

The chronology is as follows:

Defendant was arrested on March 17, 1974 and charged with nine criminal counts. He was incarcerated on that date and has remained incarcerated to the present. On April 11, 1974 he was indicted by the Grand Jury on six counts: kidnapping, rape, robbery in the first degree, possession of a deadly weapon during the commission of a felony, conspiracy in the first degree, and conspiracy in the second degree. Each of these charges grew out of the same occurrence. Each count charged both this defendant and John E. Barlow with committing the alleged crimes. The count charging rape charged this defendant, John E. Barlow and Harry C. Morris with having committed that crime.

The defendants were initially scheduled for arraignment on April 26, 1974, but arraignment was postponed at the request of the defendants. The case was originally scheduled for trial on June 19, 1974. The trial date was continued to July 24, 1974 at the request of the Attorney General. The Prothonotary's worksheet indicates that at a conference of the attorneys for the three defendants and the prosecutor on July 1, 1974, the Court rescheduled trial for September 16, 1974. On August 28, 1974, the then-attorney for this defendant filed a motion to suppress charging an illegal search and seizure, a motion to suppress charging an illegal photograph line-up and identification, and a motion for discovery. The first two mentioned motions were not noticed for a specific time, but the last mentioned motion was noticed to be presented September 6, 1974. A motion of the attorney for defendant Barlow to postpone the trial on the ground that defendant Barlow was not competent to stand trial was heard and granted on September 10,. 1974 on prior notice to all attorneys. The Court's Order postponed trial to the November calendar in order to determine the mental competency of defendant Barlow. At the same time, this defendant's motion for discovery was granted. Apparently, the case appeared on the trial calendar on October 29, 1974 and was postponed because the report of the mental examination of defendant Barlow had not been received. No objection was made on behalf of the other two defendants to the continuance on this ground and no request was made for separate trial. The report on defendant Barlow was received November 20, 1974. The trial date was rescheduled to December 2, 1974. A competency hearing with respect to defendant Barlow was held on November 27, 1974 and the Court

determined that defendant Barlow was competent to stand trial, to be held December 2, 1974. On December 2, 1974, the scheduled trial date, the attorneys for defendant Barlow reported to the Court that he had swallowed razor blades and took the position that he was unable to proceed to trial. In view of this emergency, the Court continued the trial to December 5, 1974 in order to permit a further psychiatric evaluation of defendant Barlow and to determine his physical condition. On December 5, 1974, a further competency hearing was held with respect to defendant Barlow and the Court determined that defendant Barlow was competent and physically able to stand trial at that time. A suppression hearing was scheduled for that time with respect to this defendant. This was to be followed by trial. Instead of proceeding with the suppression hearing and trial, this defendant and defendant Barlow entered a plea of guilty to the count of the indictment which charged kidnapping. The Deputy Attorney General thereupon entered a nolle prosequi as to the charge against defendant Harry Morris, and stated on the record that at the time of sentencing of this defendant all other charges against this defendant in the indictment would be nolle prossed by the Attorney General. After interrogation of this defendant by the Court, the Court found the plea of guilty to the kidnapping count to be freely, voluntarily and intelligently given by defendant and permitted the plea to be entered.

## I

 The first issue is whether the chronology recited above represents a failure to provide this defendant with a speedy trial. Initially, the Court will consider this contention on its merits without regard to the existence of the guilty plea. The determination of whether the guarantee of the right to a speedy trial has been violated involves consideration of the factors of the circumstances of the particular case.

*United States v. Barber,* D.Del., 296 F. Supp. 795 (1969), aff'd, 3 Cir., 442 F.2d 517 (1971); *Garner v. State,* Del.Supr., 1 Storey 301, 145 A.2d 68 (1958). This involves "a difficult and sensitive balancing process" giving consideration to length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant and such other circumstances as may be relevant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) and *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

The chronological review of this case, recited above, indicates that this defendant could not have been ready for trial until after September 10, 1974, since only then did he obtain discovery needed to be ready for trial. The several delays in trial thereafter involved matters beyond the control of the prosecution, centering around the mental state of defendant Barlow. This defendant and defendant Barlow were indicted together, and the case proceeded on the basis of a single trial of the defendants. This defendant at no time sought to relieve himself of the problems of delay centering around defendant Barlow, nor did he press for separate or early trial. Cf. *Kominski v. State,* Del.Supr., 1 Storey 163, 141 A.2d 138 (1958); *Garner v. State,* supra; *In Re Norman's Petition,* Del.Supr., 184 A.2d 601 (1962); *Cunningham v. State,* Del.Supr., 188 A.2d 359 (1962). Not until after entry of the guilty plea did he raise this issue. This defendant has not pointed to demonstrable prejudice resulting to him from this delay. Under the facts persented here, I conclude that this defendant is not entitled to have the indictment dismissed with prejudice for lack of speedy trial.

## II

 The next issue raised by this defendant is that the indictment should be dismissed pursuant to Rule 48 of the Crim-

inal Rules of this Court, Del.C.Ann., because of "unnecessary delay in bringing the defendant to trial".

Rule 48 of the Criminal Rules of this Court requires a case to be dismissed if there is unnecessary delay in bringing the defendant to trial. The application of this provision lies within the sound discretion of the trial court. *State v. Fischer*, Del. Supr., 285 A.2d 417 (1971). While the provision is an implementation of the right of an accused to a speedy trial, the provision serves a broader purpose and is not co-extensive with constitutional limitations under the Sixth Amendment. Ibid.

Under the quoted rule provision, a defendant is protected against "unnecessary delay".

In *State v. Fischer*, supra, the Delaware Supreme Court enumerated various elements which may have a prejudicial effect upon defendant, such as death or disappearance of witnesses, loss of evidence, loss of counsel, or denial of opportunity to prepare for trial. Additional elements applicable specifically to the facts in Fischer were: The unexplained commencement of a new prosecution long after dismissal of the same charge in another Court, anxieties suffered by defendant as a result of delay and uncertainty in duplicative prosecutions, notoriety suffered by defendant and his family as the result of repeated commencement for the prosecutions for the same offense, and expenses attendant upon a subsequent renewal of a dismissed prosecution. This defendant contends that he has been prejudiced by (a) oppressive pretrial incarceration, (b) anxiety and concern awaiting trial, and (c) the possibility that the defense was impaired. With respect to the first subject, considering the seriousness of the charges against this defendant, it cannot be said that the fact of incarceration alone was "oppressive", within the meaning of *United States v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), *Smith v. Hooey*, supra. There has been no showing that this defendant's in-carceration was any different from that of any defendant incarcerated before trial. With respect to defendant's anxiety and concern, it has not been shown that any factors surrounding the nature of this defendant's incarceration, or surrounding the nature of these charges or any physical or mental condition of this defendant, or any facts peculiar to defendant's situation existed other than the length of incarceration to accentuate the anxiety and concern of this defendant. With respect to the possible impairment of the defenses available to this defendant, there has been no showing that such impairment did in fact occur, that this defendant was denied the opportunity to take steps to preserve any of his defenses, that this defendant did not have full opportunity to confer and communicate with his attorney, or that any witness or evidence was lost.

In view of the fact that this defendant was indicted with two other defendants and that he never sought to be tried separately from the other defendants, the nature of the delays must be viewed from the standpoint of the total case and not from the standpoint of this defendant alone as though he had been indicated separately. From the time this defendant and his attorney were prepared for trial, it cannot be said that unnecessary delay occurred in bringing the case to trial, since it involved all three defendants. In this posture, I do not find that the case suffered from unnecessary delay, as contemplated by Criminal Rule 48.

### III

■ Next, defendant contends that 10 *Del.C.* § 6910, which provides for discharge of a defendant from prison if he is not indicted and tried at the second term after his commitment, should warrant the withdrawal of the plea of guilty. Under this provision, this defendant was entitled to be discharged from prison at the end of the September Term, namely, December 1,

1974. Cf. Superior Court Criminal Rule 56. It will be noted that the case was scheduled to go to trial on December 2, 1974 and was continued only because of the emergency situation that defendant Barlow had swallowed razor blades, and that the case would have proceeded to trial on December 5, 1974 if this defendant and defendant Barlow had not entered guilty pleas. Even though this defendant was represented by successive attorneys who were present at all phases of the proceedings, no application was made for the discharge of this defendant from prison. Application could have been made by this defendant for release under § 6910, if he desired discharge on the eve of trial, bearing in mind that trial was initially scheduled for the next day, December 2, and that it was rescheduled to December 5, three days thereafter. It cannot be said that under these circumstances the failure of this defendant to be discharged pursuant to § 6910, without further showing, constitutes grounds for withdrawal of the guilty plea.

IV

■ Against the background of the constitutional and legal arguments made on behalf of this defendant, the circumstances under which this defendant entered his plea of guilty must be considered. As has been noted above, this defendant was represented by legal counsel through the proceedings and at the time of entry of the plea of guilty. Focusing on the period of time contemporaneous with the guilty plea, according to Howard Hillis, Esq., who represented this defendant at that time, this defendant and Mr. Hillis conferred for approximately 2½ hours on November 29, 1974 and explored the many facets of the litigation. This defendant participated actively in the discussion. On December 2, 1974, Mr. Hillis and this defendant were prepared for trial and again discussed the case extensively. The trial was, of course, postponed by the Court because of Mr.

Barlow's physical condition. There was a further meeting of Mr. Hillis and this defendant on December 5, when it was originally anticipated that the pending defense motion would be heard and disposed of in order that the case would proceed to trial immediately thereafter. On that day, after the Court held a hearing on and determined the competency of defendant Barlow to stand trial, defendant Barlow plead guilty to the charge of kidnapping. The prosecution offered to this defendant to accept a plea of guilty to a Class A felony, either rape or kidnapping, in exchange for which the other charges against him would be dropped. Mr. Hillis and this defendant discussed the effect of defendant Barlow's plea on this defendant's case. They reviewed the charges and this defendant's admissions. They concluded that the preferred charge to which this defendant should enter a plea of guilty was the charge of kidnapping. They discussed the possible incarceration based on this plea as compared to the possible incarceration if this defendant were found guilty on all charges. They discussed the potential length of incarceration and the earliest eligibility for parole. According to Mr. Hillis, this defendant considered all of these factors thoroughly and knowingly.

It is clear from the record that this defendant was not acting under compulsions other than those which would attend one who is incarcerated facing a number of very serious charges. He gave thorough consideration to the risks and probabilities of trial and to the possible consequences of conviction of the multiple charges which he faced. He balanced these against the foreseeable incarceration following a plea of guilty to a single charge. According to his attorney, there was nothing which indicated a lack of full understanding of the alternatives. On the eve of trial, this defendant made his choice in the light of those alternatives. I do not find that the delays upon which defendant relies dulled his comprehension or reduced his capability to make an intelligent, knowing choice or

that any pressure was brought to bear upon him or that he was misled in entering his plea of guilty. It appears that he entered into a bargain and elected to accept the consequences of that bargain in exchange for escaping the potential of substantially more severe consequences based on the several charges against him. Accordingly, I find no basis for granting defendant's motion to withdraw his plea of guilty. The motion is denied.

It is so ordered.