**Thomas F. STACEY, Defendant below, Appellant,**

v.

**The STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted May 12, 1976.

Decided June 16, 1976.

George C. Hering, III, of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellant.

Gregg E. Wilson, Asst. Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, J.

McNEILLY, Justice:

Defendant appeals from convictions for theft and conspiracy, contending he was denied his Sixth Amendment right to a speedy trial.

I

Defendant was arrested on June 12, 1974, released on bail, subsequently indicted, provided with counsel from the Public Defender's office, and a trial date of October 17, was fixed, but rescheduled to December 9, by mutual consent. On December 9, trial was rescheduled to December 16 at the State's request, over defendant's objection, because a co-defendant (an essential State's witness) failed to appear. A capias was issued for the co-defendant; but, since he had not been located by December 16, the case was passed, again over defendant's objection. A *nolle prosequi* was entered on December 19, 1974 by the State and ordered by the Court to be without prejudice.

The co-defendant was located and arrested February 28, 1975. Defendant was re-indicted March 12, and was tried and convicted in April for one of three other felonies then pending in Superior Court. Because of a conflict of interest in the Public Defender's office, new defense counsel was appointed on May 22. Defendant was subsequently tried on June 20 through June 23 for burglary (an older case than this), on August 5 through August 7 on a drug charge, and finally on September 23, 1975 for the offense here on appeal.

The thrust of the appeal is that the span of time from the initial arrest in June 1974 to trial in September 1975 violated Sixth Amendment rights of this defendant.

## II

■ What constitutes a speedy trial is variable, depending on the facts and circumstances of each case. *Beebe v. State,* Del., 346 A.2d 169 (1975). The determination of whether the defendant has been denied his right to a speedy trial requires the consideration and balancing of all relevant circumstances including the length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Morris,* Del.Super, 340 A.2d 846, affirmed Del., 349 A.2d 748 (1975).

The defendant takes no exception to any delay between June 12, 1974 and December 9, 1974, but he was prepared for trial on December 9, and his objection to a continuance amounted to an immediate assertion of his right to a speedy trial. Therefore, the reasons for, and consequential prejudice from, the further delay must be closely scrutinized.

■ Initially, the State was unable to proceed because of the unavailability of an essential prosecuting witness for whom it became necessary to issue an arrest warrant. The record reveals no lack of diligence by the State in its efforts to apprehend the witness, nor does the chronological review of the case reveal prejudice to defendant attributable to unjustifiable delay. He was free on bail until incarcerated on other charges; there is no evidence of impaired memories, inadequacy of trial preparation by new counsel, or the absence of defense witnesses; nor is there any evidence in the record of any appreciable delay occasioned by other than his own criminal involvement which necessitated the scheduling of trials before successive jury panels in order to afford him an impartial jury.

We hold, therefore, that the defendant has failed to establish violation of Sixth Amendment Rights. In concluding that this defendant was not denied a speedy trial under the standards of *Barker v. Wingo,* supra, we observe guidelines set forth in The American Bar Association's Standards for Criminal Justice, "Speedy Trial" § 2.3:*

Affirmed.

---

* "2.3 Excluded periods.

The following periods should be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to * * *, and trial of other charges.

\* \* \* \* \*

(d) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:

(i) the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

\* \* \* \* \*

(e) The period of delay resulting from the absence of unavailability of the defendant.

A defendant should be considered absent whenever his whereabouts are unknown and in addition he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resists being returned to the state for trial.

(f) If the charge was dismissed upon motion of the prosecuting attorney and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the period of delay from the date the charge was dismissed to the date the time limitations would commence running as to the subsequent charge had there been no previous charge.

\* \* \* \* \*

(h) Other periods of delay for good cause."