**William C. ROGERS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 10, 1982.
Decided: Feb. 10, 1983.

---

Louis B. Ferrara (Argued) and Mark H. Froelich, Wilmington, for appellant.

Kevin A. O'Brien (Argued), Deputy Atty. Gen., Wilmington, for appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

HORSEY, Justice:

The substantive issue in this appeal of a motor vehicle traffic conviction is whether there is a statutory authority for the State's dismissal of criminal proceedings originally instituted in the Justice of the Peace Court and its reinstatement of the charges in the Court of Common Pleas. The question requires reconciliation of jurisdictional statutes, 21 *Del.C.* § 703[1] and 11 *Del.C.* 2701.[2]

Defendant, William Rogers, appeals Superior Court's affirmance of the Court of Common Pleas' denial of Rogers' motion to dismiss the State's information. Defendant's appeal follows his conviction and sentence for driving under the influence in the Court of Common Pleas.

The facts are these: The defendant, William Rogers, was arrested on April 17, 1981 for driving under the influence of alcohol. He was arraigned at Justice of the Peace Court No. 15 on April 21, 1981. On that date, defendant entered a plea of not guilty and requested that his case be transferred to Justice of the Peace Court No. 14. He also waived his right to participate in the first offender's program pursuant to 21 *Del.C.* § 4177B(a). The case was then scheduled for trial in Justice of the Peace Court No. 14 on June 2, 1981. On April 28, 1981, the State, by letter, entered a *nolle prosequi* and indicated that it would proceed with prosecution on the same charge in the Court of Common Pleas. The State filed an information in the Court of Common Pleas on April 29, 1981. The defendant entered a plea of not guilty at his arraignment and moved to dismiss the information. This motion was subsequently denied and the defendant was tried and convicted in the Court of Common Pleas.

1. § 703. Jurisdiction of offenses.

(a) ... A person arrested without a warrant outside of the City of Wilmington for a violation of any section of this title or arrested for any moving traffic violation of any municipal ordinance regulating traffic within its territorial limits as set forth in Chapter 41 of this title shall have his case heard and determined by the nearest available justice of the peace, notwithstanding the fact that the court of said justice of the peace is situated in a county other than that in which the violation is alleged to have occurred.... (b) Notwithstanding subsection (a) of this section the arresting officer may issue a summons to the person arrested for appearance at a subsequent date at the Justice of the Peace Court which is the nearest available Justice of the Peace Court to the place of arrest. For the purpose of this section, the summons for later appearance at the nearest available Justice of the Peace Court to the place of the arrest, during the regularly

scheduled hours of said Court, shall be sufficient to grant jurisdiction over the offense charged to the said nearest available justice of the peace.
21 *Del.C.* § 703 (underlining added for emphasis).

2. § 2701. Original jurisdiction.

... (b) The Court of Common Pleas for the State shall have original jurisdiction to hear, try and finally determine all misdemeanors and violations alleged to have been committed within New Castle County, outside the City of Wilmington, Kent and Sussex Counties, except where jurisdiction over such offenses is vested exclusively in another court. The jurisdiction conferred by this subsection includes concurrent jurisdiction with the justice of the peace in all cases in which the justice of the peace have jurisdiction.
11 *Del.C.* § 2701 (underlining added for emphasis).

Defendant appealed the denial of his motion to dismiss to the Superior Court. He argued that the State's action in entering a *nolle prosequi* in the Justice of the Peace Court and proceeding by way of information caused prejudice to several recognized rights which warranted dismissal of the indictment. The Superior Court affirmed the Court of Common Pleas and an appeal to this Court followed.

Defendant raises three arguments in his brief to this Court: (1) that the language of 21 *Del.C.* § 703, which confers jurisdiction over motor vehicle offenses to Justice of the Peace Court, precludes the Court of Common Pleas from exercising its concurrent jurisdiction over such cases except upon election by the defendant;[3] (2) that the State improperly exercised its power to choose the forum for prosecution in violation of *State v. Fischer*, Del.Supr., 285 A.2d 417 (1971) when it nol prossed defendant's case in Justice of the Peace Court and transferred it to the Court of Common Pleas; and (3) the Court of Common Pleas abused its discretion in refusing to dismiss the information as transfer to that Court previously prejudiced the defendant by depriving him of the right to a trial *de novo* in Superior Court upon conviction in the Justice of the Peace Court—a right which he relied upon in choosing to forego participation in the first offender's program.

■ This Court, *sua sponte,* raised an additional issue at oral argument as to its jurisdiction to entertain appeals from the Superior Court acting in its appellate capacity over the Court of Common Pleas. We requested supplemental letter memoranda from counsel on this question and will address it before turning to the issues raised by defendant.

**3.** See footnotes 1 and 2 for text of 11 *Del.C.* § 2701 and 21 *Del.C.* § 703. The following is also a relevant jurisdictional provision:

§ 5901. Advising accused of right to trial by Court of Common Pleas.

In all criminal cases in all counties where a justice of the peace has jurisdiction to hear and determine the matter and the accused

## I

It is settled law in Delaware that the Supreme Court "has only such powers as are granted to it by statute or the Constitution ... (citations omitted), and that the right to ... [appellate review] exists only when and to the extent provided in the Constitution and laws of this State. (citations omitted). *Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977).

Article IV, § 11(1)(b) of the Constitution authorizes the Supreme Court:

(1)(b) To receive appeals from the Superior Court in criminal causes, upon application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes. . . .

Although Article IV, § 11(1)(b) does not expressly grant jurisdiction to the Supreme Court to receive appeals originating in the inferior courts, we hold that its language clearly encompasses such appeals.

As early as 1895, the United States Supreme Court in construing its own appellate jurisdiction wrote:

Where the appellate jurisdiction is described in general terms in a statute, so as to comprehend the particular case in question, no presumption can be indulged of an intention to oust or restrict such jurisdiction. Any statute claiming to have that effect must be examined in light of the objects of the enactment, the purposes it is to serve, and the mischiefs it is to remedy, bearing in mind the rule that the operation of such a statute must

has the right to elect to have the case tried by the Court of Common Pleas, every justice of the peace shall advise such accused of his right to so elect, before he shall have jurisdiction to try the case.

11 *Del.C.* § 5901 (underlining added for emphasis).

be restrained within narrower limits than its words import if the Court is satisfied that its literal meaning would extend to cases which the legislature never intended to include in it. *United States v. American Bell Telephone,* 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255 (1895).

Bearing in mind this still valid tenet of liberal construction, we find no intention on the Legislature's part to exclude appeals originating in the lower courts from our appellate jurisdiction.[4] Article IV, § 11(1)(b) itself has no language restricting appeal to this Court from cases over which Superior Court has original or appellate jurisdiction other than its jurisdictional amount and penalty requirements.

■ The State urges us to interpret Article IV, § 11(6) which gives the Supreme Court jurisdiction to issue writs of prohibition, certiorari and mandamus as expressing a legislative intent to preclude jurisdiction over appeals originating in the lower courts. We find no merit in this contention. The writ of certiorari has historically been used in this State to provide a remedy for a party alleging that a lower court has acted without jurisdiction, *Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977). Similarly, the prerogative writs of prohibition and mandamus are coercive orders used to grant relief when the traditional appeal route is unavailable or will not provide an adequate remedy at law. *See, State v. McDowell,* Del.Super., 57 A.2d 94 (1947); *Family Court v. Department of Labor & Industrial Relations,* Del.Ch., 320 A.2d 777 (1974). Thus, the power to issue these extraordinary writs cannot be construed as circumscribing the Court's regular appellate jurisdiction.

We also find no merit in the State's contention that the Legislature intended only one appeal of right from the inferior courts to Superior Court when it enacted Article IV, § 28.

Article IV, § 28, a provision virtually identical to Article IV, § 11(1)(b), provides that "The General Assembly ... may grant or deny the privilege of appeal to Superior Court, provided, however, that there shall be *an* appeal to Superior Court...." (emphasis added).

In the absence of any language specifically restricting further appeal, we will not construe this singular reference to appeal as evidencing an intent to abridge this Court's jurisdiction under Article IV, § 11(1)(b) to receive appeals from Superior Court where it acted in its appellate capacity. *United States v. American Bell Telephone, supra.* *See also, Warren v. State,* Del.Supr., 385 A.2d 137 (1978); *Wilmington Trust v. Conner,* Del.Supr., 415 A.2d 773 (1980).

## II

■ Turning now to defendant's first contention, we hold that the Court of Common Pleas clearly has concurrent jurisdiction over motor vehicle misdemeanor offenses under 11 *Del.C.* § 2701 and that such jurisdiction is not qualified or abridged by 21 *Del.C.* § 703.[5]

21 *Del.C.* § 703 provides, *inter alia,* that a person arrested for a motor vehicle offense "shall have his case heard and determined by the nearest available justice of the peace...." (emphasis added). Defendant contends that this language mandates trial in the Justice of the Peace Court unless the defendant elects to have his case moved to

---

**4.** Indeed, the Legislature in establishing the Court of Common Pleas for New Castle County provided that:

> § 763 H.Sec. 8. From any order, ruling, decision or judgment of said Court, the aggrieved party shall have the rights of appeal or certiorari, to the Superior Court of New Castle County, in the same manner as is now provided by law as to causes tried before Justices of the Peace.

> *Any remedy by appeal, certiorari, writ of error or otherwise, from the judgment of said Superior Court, shall be as now provided by law, and as though said cause had originated in said Superior Court.*

1 Wooley, Ch. 1 (1906) (Supplement to Ch. 1) (emphasis added).

**5.** See footnotes 1 and 2.

the Court of Common Pleas pursuant to 11 *Del.C.* § 5901.[6]

Such a limited construction of the statute is unwarranted and fallacious in light of the purposes served by 21 *Del.C.* § 703.

"The object of statutory construction is to give a sensible and practical meaning to the statute as a whole in order that it may be applied in future cases without difficulty, and if a literal interpretation leaves a result inconsistent with the general statutory intention, such interpretation must give way to the general intent." *Nationwide Insurance Co. v. Krongold,* Del.Supr., 318 A.2d 606, 609 (1974).

■ The thrust of 21 *Del.C.* § 703 is to provide for prompt judicial participation in the justice of the peace process. It is not concerned with the ultimate jurisdiction to try a motor vehicle misdemeanor case. To construe § 703 as an exclusive jurisdiction statute would render meaningless 11 *Del.C.* § 2701's grant of concurrent jurisdiction to the Court of Common Pleas.

21 *Del.C.* § 703 was enacted subsequent to 21 *Del.C.* § 2701.[7] If the Legislature had intended to strip the Court of Common Pleas of its concurrent jurisdiction, it could have repealed or qualified the language of § 2701 or created an explicit exception to it in § 703. It did not, however, and we decline to perform such an office by interpreting the "shall have his case heard and determined by the nearest available justice of the peace" language of 21 *Del.C.* § 703 as granting exclusive jurisdiction over misdemeanor motor vehicle offenses to the Justice of the Peace Court absent any indication that this was the legislative will.

### III

Defendant also contends that the State's action in nol prossing his case in Justice of the Peace Court and filing an information in Common Pleas Court constituted a second election of forum for prosecution which is prohibited by *State v. Fischer, supra.*

In *Fischer,* the Court stated that "the Attorney General has the sole power to choose the forum of prosecution. But . . . in the interests of a fair and orderly administration of justice that choice should be exercised once—not twice." *Fischer, supra,* at 420.

Defendant argues that jurisdiction attached to the Justice of the Peace Court on April 21, 1980 when he was arraigned in that Court and advised of his right to elect a trial in the Court of Common Pleas.[8] By failing to file an information between the date of arrest and defendant's arraignment four days later in Justice of the Peace Court, defendant contends that the State acquiesced in the Justice of the Peace Court's jurisdiction, thus making its sole permissible choice of forum. He argues that entry of the *nolle prosequi* on April 28, 1981 was, in effect, a second choice of forum for prosecution made after jurisdiction already attached in Justice of the Peace Court.

■ We do not view a failure to file an information within the four day period between arrest and arraignment as an election of forum. To do so would effectively strip the Attorney General's Office of the power to review a case and determine the appropriate forum and, practically speaking, would vest that power in the police officer who delivers the defendant to the justice of the peace following arrest. We find that only one election of forum was made by the State and that election was made within a reasonable time, having been made before any significant prosecutorial

---

**6.** See footnote 3.

**7.** 21 *Del.C.* § 703 was enacted on July 11, 1955 and amended to its present form on July 7,

1976, 60 *Del.Laws,* C. 553; 11 *Del.C.* § 2701 was enacted on July 6, 1972 and is substantially identical to its predecessor version.

**8.** *See footnote 3.*

involvement occurred in the case and before any trial appearance was made.[9]

## IV

■ We must also reject defendant's claim that the transfer by information to the Court of Common Pleas worked substantial prejudice to his rights and constituted unfair manipulation of the judicial process.

Defendant first claims that the transfer deprived him of a vested right to trial *de novo* in Superior Court upon conviction of the Justice of the Peace Court.[10]

■ Defendant's argument is not supported by case law. In *State v. Dennington,* Del.Super., 145 A.2d 80 (1958), this Court held that a defendant has no vested right to two trials. Rather, he has only the right to elect not to be tried by a justice of the peace.

Defendant also claims prejudice in that he waived entry in the first offender's program and thereby forfeited the chance to avoid trial and license revocation on the assumption that he would be tried in Justice of the Peace Court.

9. Defendant makes much of the fact that jurisdiction attached after arraignment in Justice of the Peace Court throughout each of his arguments. Attachment of jurisdiction by itself gives defendant no vested right to be tried in Justice of the Peace Court and absent "unseemly disruption of the proceedings and the business of the lower Court and an undue waste of its manpower", *State v. Fischer, supra,* at 420, we cannot say that a transfer to a court of concurrent jurisdiction is improper.

10. 21 *Del.C.* § 708 provides that:
    (a) Any person convicted under this title, or under any municipal ordinance or other law, for a motor vehicle violation within the State before an alderman or mayor of any incorporated city or town, except the City of Wilmington, shall have the right of an appeal, unless otherwise stated in this title, to the Superior Court, upon giving bond in the sum of $500 to the State with surety satisfactory to the mayor or judge before whom such person was convicted, such appeal to be taken and bond given within 15 days from time of conviction.

■ We find no prejudice as the first offender statute, 21 *Del.C.* § 4177(b), provides only that the defendant must elect the first offender's program at time of his arraignment. It does not, as the State notes, limit the election to arraignment in the Justice of the Peace Court. Therefore, it appears that a defendant has the right to elect to participate in the first offender's program at his arraignment in the Court of Common Pleas. Indeed, it is established procedure in the Court of Common Pleas to allow such an election at arraignment and up to the day of trial.[11]

Defendant also analogizes his case to *State v. Fischer, supra,* wherein this Court dismissed an indictment filed after the State nolle prossed its case in Municipal Court due to unnecessary delay in bringing the defendant to trial.

In *Fischer,* the State, without explanation over defendant's repeated requests for trial, nol prossed the case in Municipal Court and did not seek an indictment in Superior Court for two months. In contrast, we find no unnecessary delay in the case at hand. Defendant was arraigned in Justice of the Peace Court on April 21, 1981. The State nol prossed the case on April 28, 1981 and filed an information one day later.

11. Defendant relies on an unreported Superior Court case, *State v. Marjorie H. Bakke,* Del. Supr., Cr.A. S79–04–0051A (June 20, 1979) (Walsh, J.) wherein the Court held that a defendant can only elect to participate in the first offender's program at arraignment in Justice of the Peace Court. As Judge Walsh stated, "the obvious legislative purpose of that program was to permit first offenders to choose between adjudication of the charge through the judicial system or administrative processing without adjudication of guilt if successful in the rehabilitation program."

*Bakke* is distinguishable from this case in that the defendant had already been accorded a trial in Justice of the Peace Court before seeking to join the first offender's program upon trial *de novo* in Superior Court. Here, the defendant did not become enmeshed in adjudication and election would result in a true diversion of the case from the judicial system, thus fulfilling the legislative purpose.

Although we continue to view the practice of "transferring" cases from a lower court by voluntarily dismissing them in the lower court and commencing new prosecutions in a higher court with a critical eye, we agree with Superior Court that "The fears expressed in *Fischer* . . . of an undue waste of its manpower are not legitimate here."

We find no evidence that the State unfairly manipulated the judicial system to the detriment of the defendant and find no abuse of discretion in the Court of Common Pleas' refusal to dismiss the information in its Court.

\* \* \*

Affirmed.