# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
     )
     )
    v.     )    ID. No. 2208000314
     )
ROBERT RUMPFF,     )
     )
    Defendant.     )

Date Submitted:    September 1, 2023
Date Decided:    October 23, 2023

## ORDER

Upon consideration of Defendant's Motion to Dismiss the Indictment ("Motion")[1], Superior Court Criminal Rule 48(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)    On August 1, 2022, Robert Rumpff ("Rumpff") was arrested and charged in Family Court with Criminal Contempt of a PFA in violation of 11 *Del. C.* § 1271.[2]

(2)    The PFA required Rumpff to surrender his firearms within 24 hours.[3]

---

[1] D.I. 7. Rumpff filed a Second and Third Motion to Dismiss which will be addressed in a forthcoming opinion.
[2] *Id.*; 11 *Del. C.* § 1271.
[3] D.I. 9, Ex. A.

He did not comply, thus violating the order.[4]

(3)     On October 13, 2022, an arraignment in Family Court was scheduled for Rumpff's Criminal Contempt of a PFA charge.[5]  At Arraignment, Rumpff pled not guilty, and the State requested more time to consider charging Rumpff for a felony Possession of a Firearm by a Person Prohibited ("PFBPP") charge.[6]  The presiding Commissioner denied the State's request.[7]

(4)     On February 20, 2023, a Case Review commenced in Family Court.[8] At the request of the parties, the Family Court rescheduled the Case Review to April 3, 2023, to allow for discovery from the State to be turned over to Rumpff.[9]  In the Status Report for the February 20, 2023 Case Review, the State wrote in the Attorney's Comments section, "State to review charges for possible upgrade."[10]

(5)     On March 27, 2023, only five months following his Family Court Arraignment, the State obtained a Grand Jury Indictment in Superior Court against Rumpff for two counts Possession of a Firearm or Ammunition by a Person Prohibited.[11]

---

[4] D.I. 18.
[5] D.I. 7.
[6] *Id.*
[7] *Id.*
[8] D.I. 19.
[9] D.I. 7.
[10] D.I. 18, Ex. B.
[11] D.I. 1.  These two charges were later split into one count of Possession of a Firearm by and Person Prohibited ("PFBPP") and one count Possession of Ammunition by a Person Prohibited ("PABPP").

(6) At the rescheduled Case Review on April 3, 2023, the State entered a *nolle prosequi* in Family Court on the charge of Criminal Contempt of a PFA.[12] This left Rumpff with only his Superior Court charges.

(7) On May 22, 2023, the Superior Court held Rumpff's First Case Review.[13]

(8) On October 16, 2023, Rumpff rejected a plea at his Final Case Review and the case was set for trial to commence on October 30, 2023.[14]

(9) Rumpff filed the instant Motion on May 24, 2023, seeking to dismiss his indictment, arguing he did not have proper notice of the State's intention to prosecute in Superior Court.[15] He contends the lack of notice from the State significantly prejudices him as a result of the State's decision to dismiss his Family Court charges and file in Superior Court.[16] Rumpff also cites anxiety and significant legal expenses attributed to the delay in the prosecution of his case.[17]

---

[12] D.I. 19
[13] D.I. 5.
[14] D.I. 21.
[15] D.I. 7.
[16] *Id*. It is unclear as to which Family Court Case Review Rumpff is referring to. On October 13, 2022, the State requested more time at Rumpff's Arraignment to determine whether it would file for felony charges in Superior Court. So, Rumpff would have had notice prior to the February Family Court Case Review that the State was considering charging Rumpff in Superior Court with felony charges. Further, in the February Case Review Status Report, the State reiterated that it was looking at potentially upgrading the charges. And, the Superior Court Grand Jury returned an Indictment on March 27, 2023, so presumably Rumpff would have known about the Superior Court Indictment during the rescheduled April Family Court Case Review when the State entered a *nolle prosequi* on his Criminal Contempt of a PFA charge.
[17] D.I. 7.

(10) The State argues Rumpff had notice it planned to indict in Superior Court. The State points out that it asked for more time to charge on the felonies during Rumpff's Family Court Arraignment,[18] and in the Attorney's Comments section of the February Case Review Status Report, it states: "State to review charges for possible upgrade."[19]

(11) Under Superior Court Criminal Rule 48(b), the Court may dismiss an indictment if "there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial."[20] If any of those conditions are met, the indictment will be dismissed.[21]

(12) For there to be a dismissal of an indictment under Rule 48(b) the delay must first be attributable to the prosecution and such delay must establish a "prejudicial effect upon defendant" beyond that normally associated with the criminal justice system.[22] The prejudice to the defendant must be "definable or measurable."[23]

(13) The Court's authority under Rule 48(b) is discretionary and "not

---

[18] D.I. 9.
[19] D.I. 18, Ex. B.
[20] Super. Ct. Crim. R. 48(b).
[21] *Id*.
[22] *State v. McElroy*, 561 A.2d 154, 156 (1989)
[23] *State v. Harris*, 616 A.2d 288 (1992) (quoting *Id*. at 157).

4

governed by the Speedy Trial Clause of the Sixth Amendment."[24]

(14) Rumpff is correct that the State decided to *nolle prosequi* his Criminal Contempt of a PFA charge in Family Court and file more serious charges in Superior Court.[25] The question is whether the State "delayed" Rumpff's indictment or trial resulting in prejudice to Rumpff under Rule 48(b).[26]

(15) Rumpff attempts to liken this case to *State v. Fischer*, but the facts here are fundamentally different.[27] In *Fischer*, the defendant was charged in Municipal Court, requested his case go to trial twice, was set to go to trial, appeared at the trial ready to defend, and the State dismissed his Municipal Court charges without explanation.[28]

(16) In *Fischer*, the Superior Court found there was unnecessary delay that unfairly prejudiced Fisher because he appeared ready to defend at trial when the State dismissed his charges in Municipal Court and then proceeded to indict him on the same charges in Superior Court.[29] The court in *Fisher* found the defendant suffered prejudice from the unnecessary delay in the form of anxiety as a result of

---

[24] *State v. Fischer*, 285 A.2d 417, 418 (Del. 1971) (holding Rule 48(b) is broader than the Sixth Amendment and can dismiss a case for delay where there is no Sixth Amendment violation).
[25] D.I. 7.
[26] It is unclear whether Rumpff is arguing whether his indictment or his trial was delayed. However, because of the short timeline, the Court finds he was neither unnecessarily delayed in his indictment nor trial.
[27] *Id*.
[28] *Fischer*, 285 A.2d at 419.
[29] *Id*.

the "uncertainty in duplicative prosecutions against him;" increased legal expenses; and the "notoriety suffered by a defendant and his family as the result of the repeated commencement of prosecutions."[30]

(17) Here, Rumpff has not suffered unnecessary delay. Rather, Rumpff was indicted in Superior Court on heightened charges under seven months after his arrest for Criminal Contempt of a PFA.[31] Thereafter, his trial process in Superior Court moved quickly with his First Case Review occurring in May 2023, his Final Case Review in October 2023, and his trial to commence on October 30, 2023.[32]

(18) The Court does not find Rumpff was prejudiced. His indictment in Superior Court was on charges of PFBPP and PABPP—not the same charge of Criminal Contempt of a PFA that he was charged with in Family Court.[33] Further, Rumpff had notice the State planned to indict in Superior Court as early as October 2022.[34] The State mentioned its intention to indict Rumpff on more severe charges during his Family Court Arraignment and Case Reviews.[35]

(19) Any prejudice suffered by Rumpff is that which is normally associated with the criminal justice system. Additionally, Rumpff cannot point to definable or

---

[30] *Id.* The Delaware Supreme Court affirmed the Superior Court's decision on appeal. *Id.*
[31] D.I. 1.
[32] D.I. 5; D.I. 21.
[33] D.I. 7; D.I. 1. *Fischer*, 285 A.2d at 419 (the defendant's charges in Fisher were in the same in Municipal Court and Superior Court).
[34] D.I. 7; D.I. 1.
[35] *Id.*

6

measurable prejudice because he was put on notice multiple times about the State's intent to indict in Superior Court and there was no unnecessary delay.

(20) The Court does not find the facts or law support that Rumpff's prosecution has been unnecessarily delayed under Rule 48(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Indictment is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:    Original to Prothonotary
       Colleen E. Durkin, DAG
       Cassandra Balascak, DAG
       Eugene J. Maurer, Attorney for Rumpff